STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT, v. THOMAS CARROLL, DEFENDANT-APPELLANT.

Superior Court of New Jersey
Appellate Division

Submitted April 16, 1974—Decided May 10, 1974.

Before Judges HALPERN, MATTHEWS and BISCHOFF.

*Mr. Stanley C. Van Ness,* Public Defender, attorney for appellant (*Mr. David R. Arrajj,* Assistant Deputy Public Defender, on the letter brief).

*Mr. Joseph P. Lordi,* Essex County Prosecutor, attorney for respondent (*Mr. Steven Jay Greenstein,* Assistant Prosecutor, on the letter brief).

The opinion of the court was delivered by

MATTHEWS, J. A. D. Defendant entered guilty pleas to charges of robbery and receiving a stolen automobile. Other charges then pending against him were dismissed. He was sentenced to an indeterminate reformatory term on the robbery charge with a ten-year maximum, and also to a consecutive, indeterminate reformatory term (with a five-year maximum) on the receiving charge. The only issue raised on appeal is the alleged excessiveness of the sentences. The reason assigned for excessiveness is that consecutive reformatory sentences are not called for under the circumstances presented.

Our review of the case has given us pause to question the wisdom, if not the propriety, of consecutive reformatory sentences.

*N. J. S. A.* 30 :4–148 provides that any male sentenced to a Youth Correctional Institution facility pursuant to *N. J. S. A.* 30 :4–147 is to be committed for an indeterminate period not to exceed five years or the maximum sentence provided by law if such be less than five years. The reformatory sentencing alternative reflects the generally accepted view that the goal of correction is rehabilitation. *In re Lewis,* 11 *N. J.* 217, 224 (1953) ; *State v. Horton,* 45 *N. J. Super.* 44, 46 (App. Div. 1957).

Judge Freund, in *Horton,* enunciated the reason for the existence of the reformatory type of institution as follows :

Offenders * * * are sentenced to the reformatory in the hope that the associations there, being less contaminating than in State Prison, will, by suitable treatment and training, more likely foster rehabilitation. The theory is that placing the offender in a reformatory offers a better opportunity of social rehabilitation of the individual. [at 47–48]

The legality of consecutive reformatory sentences has been sustained. *State v. Horton,* above; *State v. Prewitt,* 127 *N. J. Super.* 560, (App. Div. 1974). In *Horton* this court was faced squarely with the question of the validity of consecutive, indeterminate reformatory sentences. It was concluded that such sentences were valid and no theoretical inconsistency between the consecutive sentences and the reformatory philosophy was found. Thus, it was stated :

No harmful effect need result from the practice of imposing a second reformatory sentence, since both the consecutive reformatory sentence as well as the original sentence may at any time be terminated when in the discretion of the board of managers the prisoner's conduct so warrants. [at 48]

Other authorities are in accord with this philosophy. See *e. g.,* Annotation, "Validity, Construction and Application

of Provisions of Federal Youth Corrections Act (18 U. S. C., § 5010) Governing Sentencing and Rehabilitative Treatment of Youth Offenders," 11 *A. L. R.* 3d 499, § 20 (1972).

It strikes us, however, that this philosophy runs counter to the basic purpose of a reformatory as noted in *Horton,* above. As the recent American Bar Association study on "Sentencing Alternatives and Procedures" notes:

> The function of the consecutive sentence should be similar to the function of the sentence imposed on habitual or dangerous offenders. Because of his repeated criminality the offender who has rendered himself subject to multiple sentences may pose the same type of unusual risk to the safety of the public. It would thus appear that he should be treated in a similar fashion. [§ 3.4(c) Commentary at 177]

Thus, it is suggested the consecutive sentence does not belong in a rehabilitative context. This is the general tenor of our "sentencing Manual for Judges," see particularly, § 4.2F at 39–41 (1971); Frankel, "Lawlessness in Sentencing," 41 *U. of Cincinnati L. Rev.* 1, 29–40 (1972); *American Bar Association Standards* (approved draft 1968), "Sentencing Alternatives and Procedures," § 3.4, Commentary.

If an offender before a sentencing judge has been found guilty of two or more crimes which in the opinion of the judge, after examination of the events surrounding the commission of the crimes and the presentence report, requires that the individual be confined for public safety, we question the use of the consecutive, indeterminate sentence in such instance. While it must be acknowledged that one immediately dangerous to public safety is not beyond rehabilitation, such a statement begs the question. If the sentencing judge believes the individual to be capable of rehabilitation, and he otherwise qualifies (see *N. J. S. A.* 30:4–147), such person should be sentenced to an indeterminate reformatory term with an expressed maximum, thus leaving the question of his release where it properly belongs: in the hands of the institutional and parole authorities. Either a suspended sentence or a concurrent indeterminate sentence could be

imposed for a second or third crime in such instance in order to satisfy the requirement that a disposition be made for each offense before the sentencing judge. See "Sentencing Manual for Judges," above, § 2.2 at 5.

While we do not question the conclusions of *Horton* and *Prewitt,* both above, that the consecutive, indeterminate reformatory sentence is legal, we suggest that recent advances in the field of penology suggest that the rationale of *Horton* is no longer valid.

We have examined the sentences before us in light of the principles just stated. Accordingly, we modify the sentences imposed by changing the consecutive, indeterminate reformatory term with a five-year maximum to a concurrent, indeterminate reformatory term with a five-year maximum.

The judgment of the Essex County Court is modified and as modified is affirmed.