STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT, v. CHARLES S. WILSON, DEFENDANT-APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued December 14, 1970—Decided January 8, 1971.

582

Before Judges CONFORD, KOLOVSKY and CARTON.

*Mrs. Rosemary E. Reavey,* Assistant Deputy Public Defender, argued the cause for appellant (*Mr. Stanley C. Van Ness,* Public Defender, attorney).

*Mr. R. Benjamin Cohen,* Assistant Prosecutor, argued the cause for respondent (*Mr. Joseph A. Fusco,* Assistant Prosecutor, of counsel and on the brief; *Mr. Joseph P. Lordi,* Essex County Prosecutor, attorney).

The opinion of the court was delivered by

CARTON, J. A. D.   Defendant was indicted, tried by a jury and convicted on indictments charging attempted entry with

intent to steal (*N. J. S. A.* 2A:94–1, *N. J. S. A.* 2A:85–5) and possession of burglary tools (*N. J. S. A.* 2A:94–3). He now appeals. His principal arguments for reversal are that the court erred in refusing to charge that mere preparation was insufficient to establish proof of intent and in imposing an invalid sentence for the attempt offense. He received a five to seven year sentence on the attempt charge and a consecutive sentence of two to three years for the possession offense.

The State's proofs were that at about midnight a police officer drove his patrol car into the dark and deserted parking lot of a supermarket. Hearing a "metallic sound," he drove to the loading platform in the rear of the closed store. Shining his flashlight through the gloom, he came upon defendant crouched down behind a stack of milk cases. These were near a sliding door leading into the rear of the store. A bolt projected through the closed door to the lock inside. On it the officer found pry marks. A red pry bar and a hacksaw lay on the platform just in front of the door. A knife was retrieved from behind the milk cases where defendant had been lurking. On his person were found a small flashlight, a screwdriver and a single glove. Samples of paint scrapings taken from the door bolt and the pry bar were found to be the same red paint.

Defendant offered no evidence.

■ The evidence abundantly establishes that defendant had committed overt acts which went far beyond mere preparation. Consequently, the court properly refused to give the requested charge on that issue.

■ There is merit, however, to the contention that the five to seven year sentence for the attempt exceeds permissible statutory limits. The Legislature has declared an attempt to be a misdemeanor.

An attempt to commit an indictable offense is a misdemeanor, but the punishment shall not exceed that provided for the crime or offense attempted. *N. J. S. A.* 2A:85–5.

Unless specifically provided otherwise, misdemeanors are punishable by a maximum of three years imprisonment, a fine of $1,000, or both. *N. J. S. A.* 2A:85–7. It necessarily follows that since the Legislature has classified attempts to commit indictable offenses as misdemeanors, and since there is no specific punishment prescribed for attempted entry with intent to steal, the maximum term of imprisonment which may be imposed for such an attempt is three years.

The provision of the attempt statute that "the punishment shall not exceed that provided for the crime or offense attempted" merely sets the outer limits of punishment for attempts to commit indictable offenses where the statutory penalty for the completed crime is less than three years. The words of this provision are words of limitation. They cannot be interpreted as affirmative authorization to impose the same maximum sentence for a mere attempt as for the substantive crime attempted.

We find no merit in the other points raised by defendant.

The convictions are affirmed. The sentence on the attempt charge is set aside and the matter remanded to the trial court for resentence on that offense.