127 N.J. Super. 560 (1974)
318 A.2d 427
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
CLARENCE EDWARD PREWITT, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted March 11, 1974.
Decided March 29, 1974.
*563 Before Judges CONFORD, HANDLER and MEANOR.
Mr. Stanley C. Van Ness, Public Defender, attorney for appellant (Mr. Steven Zamrin, Assistant Deputy Public Defender, on the brief).
Mr. William F. Hyland, Attorney General of New Jersey, attorney for respondent (Mr. George F. Kugler, Jr., former Attorney General of New Jersey, and Mr. Alfred J. Luciani, Deputy Attorney General, on the brief).
The opinion of the court was delivered by MEANOR, J.A.D.
Defendant was indicted in six counts as follows:
Count I: attempted breaking and entering with intent to steal while armed, contrary to N.J.S.A. 2A:94-1, 2A:85-5 and 2A:151-5;
Count II: possession of a pistol without a permit, contrary to N.J.S.A. 2A:151-41.
Count III: resisting arrest, contrary to N.J.S.A. 2A: 85-1;
Count IV: assault with intent to kill while armed, contrary to N.J.S.A. 2A:90-2 and 2A:151-5;
Count V: possession of burglary tools, contrary to N.J.S.A. 2A:94-3, and
Count VI: assault with an offensive weapon, namely, a pistol, contrary to N.J.S.A. 2A:90-3.
Defendant pleaded guilty to counts one through four. There was no recommendation save that counts V and VI would be dismissed at the time of sentence. The sentences were as follows:
*564 Count IV: for assault with intent to kill, ten-year indeterminate term at the Youth Correctional Institution Complex and a consecutive five-year indeterminate term because of the commission of the offense while armed, N.J.S.A. 2A:151-5.
Count I: for attempted breaking and entering with intent to steal, a three-year indeterminate term at the same institution and, because of the commission of the offense while armed, another three-year indeterminate term, these sentences to be consecutive to each other and to the sentences imposed under Count IV.
Counts II and III: suspended six-month concurrent terms to the Mercer County Workhouse.
Counts V and VI were dismissed.
Defendant was thus sentenced to confinement within the Youth Complex to consecutive indeterminate terms aggregating 21 years.
We wish to note that the letter brief of the Public Defender fails to mention that the sentences were indeterminate. This is a significant omission because of the entirely different consequences of an indeterminate sentence as distinguished from a minimum-maximum term to the New Jersey State Prison.
The defendant was age 17 at the time of sentence. His record begins at age six, and at the time of the offenses in question he was on probation from a burglary conviction in New York. Obviously, incarceration was required.
The argument advanced here is that consecutive indeterminate terms aggregating 21 years are excessive and a reduction is sought. To answer this contention we must explore, briefly, the nature of an indeterminate sentence to the Youth Complex.
The Youth Correctional Institution Complex consists of those institutions set forth in N.J.S.A. 30:4-146.1. The exact institution in which one sentenced to an indeterminate term will be confined is an administrative, not a judicial decision. Only indeterminate terms may be given to *565 the Youth Complex. Those who qualify for sentence there are male offenders between 15 and 30 years of age who have not previously been confined in the New Jersey State Prison or in a like institution of another state. N.J.S.A. 30:4-147; State v. Pallitto, 107 N.J. Super. 96 (App. Div. 1969), certif. den. 55 N.J. 309 (1970).
Pursuant to N.J.S.A. 30:4-148 an indeterminate term is understood to be for a maximum of five years. This will not be so in only two instances. First, where the offense for which sentenced carries a maximum penalty of less than five years, that lesser maximum will control. Second, where the offense for which sentenced carries a higher maximum, the court "for good cause shown" may impose a higher maximum up to the number of years provided as penalty for the offense in question.[1]
Since the understood maximum of five years can only be increased "for good cause shown," when a court undertakes such action, in addition to giving reasons for the sentence imposed, the court should also state the reasons that constitute the "good cause" for raising the maximum.
There is, however, one error in the sentence under review which must lead to a partial remand. Courts have no power to reduce the statutorily understood maximums on an indeterminate term. In re Nicholson, 69 N.J. Super. 230 (App. Div. 1961). N.J.S.A. 2A:151-5 provides for an additional penalty for one who commits or attempts to commit certain enumerated crimes while armed. One of these crimes is assault with intent to kill, N.J.S.A. 2A: 90-2, which provides for a maximum penalty of 12 years. *566 Thus, the sentencing court was empowered under N.J.S.A. 30:4-148 to mete out the ten-year maximum indeterminate term given for this offense. N.J.S.A. 2A:151-5 provides that a first offender committing one of the named offenses while armed shall, in addition to the sentence for the offense in question, be punished "for not less than one nor more than 10 years" because of the commission of the offense while armed.
When, under N.J.S.A. 2A:151-5 the court below specified that in addition to the ten-year maximum indeterminate term for assault with intent to kill there would be a consecutive five-year indeterminate term because of the commission of the offense while armed, the court was simply pointing out that the understood maximum of N.J.S.A. 30:4-148 was being given with no increase "for good cause shown" as might have been done.
When the court sentenced for attempted breaking and entering it was said that the indeterminate term there given would carry a three-year maximum. Breaking and entering with intent to steal is defined as a high misdemeanor, N.J.S.A. 2A:94-1. N.J.S.A. 2A:85-5 provides that an attempt to commit an indictable offense is a misdemeanor. State v. Wilson, 112 N.J. Super. 581 (App. Div. 1971). The misdemeanor penalty is a maximum of three years' imprisonment. N.J.S.A. 2A:85-7. In stating that there would be a three-year maximum on the indeterminate term given for attempted breaking and entering the court was merely calling attention to what the statutes required.
When sentencing under N.J.S.A. 2A:151-5 because of attempted breaking and entering while armed, the trial court imposed a consecutive indeterminate term with a maximum of three years. This act was beyond judicial authority. As stated above, courts may not decrease the statutorily required maximum terms under N.J.S.A. 30: *567 4-148. In re Nicholson, supra. The only time the maximum on an indeterminate term will be less than five years is where the maximum penalty for the offense in question is less than that. Under N.J.S.A. 2A:151-5 commission of one of the named offenses while armed carries an additional penalty of from one to ten years for a first offense. Thus, in the absence of an increase in the five-year maximum "for good cause shown" pursuant to N.J.S.A. 30:4-148 the five-year maximum of that statute must control.
Under these circumstances we affirm the sentences imposed except for the sentence given under Count I pursuant to N.J.S.A. 2A:151-5. This we vacate and remand for imposition of an indeterminate term with the statutory five-year maximum. We leave to the sentencing judge on remand the decision whether this term shall be consecutive to the other sentences or whether it and the three-year maximum indeterminate term given for attempted breaking and entering under Count I shall be concurrent with each other but consecutive to the sentences imposed under Count IV.[2]
We should add that these consecutive indeterminate terms do not mean that this defendant must serve a substantial period of confinement before parole eligibility arises, as might be the case with a comparable State Prison sentence. Parole from an indeterminate term to the Youth Correctional Institution Complex is under the control of the board of trustees of that Institution, N.J.S.A. 30:4-148; 30:4-106; 30:4-1.1(n), and parole release may occur at any time. Thus, this defendant may be paroled at any time or may be confined for a lengthy period depending upon his susceptibility to rehabilitation.
Remanded for re-sentence on Count I pursuant to N.J.S.A. 30:4-148 and N.J.S.A. 2A:151-5.
NOTES
[1] Mandatory minimum sentences, sometimes contained in our statutes, are inapplicable when the sentence is indeterminate. State v. Hopson, 60 N.J. 1 (1971), adopting dissenting opinion reported at 114 N.J. Super. 146 (App. Div. 1971). Hopson overruled State v. Ammirata, 104 N.J. Super. 304 (App. Div. 1969), and that portion of State v. Pallitto, supra, which followed Ammirata.
[2] The issue of the illegality of the sentence given under Count I pursuant to N.J.S.A. 2A:151-5 has not been raised. However, we have the duty to note and correct an illegal sentence. State v. Sheppard, 125 N.J. Super. 332 (App. Div. 1973).