132 N.J. Super. 270 (1974)
333 A.2d 530
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
JOHN CALVIN JONES, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted October 29, 1974.
Decided November 12, 1974.
*272 Before Judges COLLESTER, LORA and HANDLER.
Mr. Stanley C. Van Ness, Public Defender, attorney for appellant (Mr. James I. Peck IV, Assistant Deputy Public Defender, on the letter brief).
Mr. Joseph P. Lordi, Essex County Prosecutor, attorney for respondent (Mr. Harry Robinson, III, Assistant Prosecutor, on the letter brief).
PER CURIAM.
Defendant was indicted for the possession of a revolver, possession of a stolen automobile and robbery and robbery while armed. He was also charged in an accusation with escape. Thereafter, he pleaded guilty to the separate charges of robbery and escape and, upon the recommendation of the prosecutor the remaining counts were dismissed. Defendant was later sentenced to the Youth Reception and Correction Center at Yardville upon the count of robbery for an indeterminate term with a waiver of the statutory five year maximum and the imposition of a maximum term of seven years. He was sentenced to a consecutive indeterminate term upon the escape charge.
Defendant contends that this sentence was manifestly excessive in that the two indeterminate terms should have been concurrent because of his poor physical condition. Defendant, it may be noted, had been shot in the lower spine when arrested, as a result of which he underwent a double colostomy. He will be impaired for life and apparently will suffer continuing pain. The sentencing judge, however, was acutely aware of defendant's physical condition and gave this careful and conscientious consideration in meting out sentence. We do not believe, under all of the circumstances, including the nature of the crimes and defendant's past criminal record and the information disclosed in the presentence report, that the imposition of these consecutive indeterminate terms was manifestly excessive.
*273 It is further argued that the sentence mistakenly failed to effectuate a plea bargain under which it is claimed that sentences would be concurrent. Our examination of the record does not satisfy us that there was such a plea bargain. Indeed, it was made clear to defendant that, by his guilty pleas, he was exposing himself to maximum consecutive sentences upon each of the charges. To the extent that the understanding was that the prosecutor would merely recommend concurrent sentences, such a recommendation is not binding on the sentencing judge in any event.
It is also urged that the imposition of consecutive indeterminate sentences was an abuse of discretion because repugnant to the legislative policy of rehabilitation. We disagree. State v. Horton, 45 N.J. Super. 44 (App. Div. 1957); State v. Prewitt, 127 N.J. Super. 560 (App. Div. 1974); State v. Bono, 128 N.J. Super. 254 (App. Div. 1974); compare State v. Carroll, 128 N.J. Super. 234 (App. Div.), certif. granted 65 N.J. 570 (1974).
Finally, it is contended that the seven-year maximum imposed for the robbery charge was improper and inappropriate. The court may impose an indeterminate term with a maximum greater than five years but not to exceed the statutory maximum for the particular crime. State v. Costello, 59 N.J. 334, 338 (1971). It is argued, however, that the court did not indicate good cause for increasing the maximum of defendant's indeterminate term as required by N.J.S.A. 30:4-148. At sentencing there should be a statement of reasons by the judge for the imposition of a maximum term in excess of the statutory five year maximum. State v. Prewitt, supra, 127 N.J. Super. at 565. It is clear from the record, however, that the court would have imposed a more severe sentence had it not been for defendant's physical condition. It is obvious that the circumstances which would have justified such a sentence were the factors which prompted the judge to raise the maximum.
The sentence is affirmed.