STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT, v.
EDDIE McBRIDE, DEFENDANT-APPELLANT.

Argued January 22, 1975—Decided March 4, 1975.

*Mr. William E. Norris,* Assistant Deputy Public Defender, argued the cause for defendant-appellant (*Mr. Stanley C. Van Ness,* Public Defender, attorney).

*Mr. John De Cicco,* Deputy Attorney General, argued the cause for plaintiff-respondent (*Mr. William F. Hyland,* Attorney General of New Jersey, attorney).

The opinion of the Court was delivered by

SULLIVAN, J. This is a companion case to *State v. Spinks,* 66 *N. J.* 568, decided by us this day. Eddie McBride, defendant herein, Willie Spinks and two other companions, were involved in three armed robberies committed on November 12, 1972. They were apprehended by the police shortly after the last robbery. Four indictments were returned against defendant, three of which charged him with robbery while armed and the fourth with unlawful possession of a firearm. Defendant was 18 years of age at the time.

Ultimately defendant pleaded guilty to the three indictments for robbery while armed under a plea bargain that the prosecutor would recommend concurrent sentences on the three indictments, the maximum sentence to be 25 years, and the indictment for unlawful possession of a firearm would be dismissed.

The trial court accepted defendant's pleas of guilty and sentenced him on each indictment to State Prison for a term of not less than 10 nor more than 15 years on the charge of robbery, and a consecutive term of not less than 5 nor more than 7 years for committing the robbery when armed. The sentence imposed on each indictment was made concurrent with the sentences imposed on the other indictments so that the aggregate of the sentences received by defendant was 15 to 22 years. The separate indictment for unlawful possession of a weapon was dismissed. The court stated that the purpose of the sentence was punitive. Following sentence the trial court advised defendant that he

had a right to take an appeal from the sentence "on the grounds that you may think it is excessive."

The defendant promptly filed an appeal with the Appellate Division claiming that a prison sentence of 15 to 22 years was excessive and that he should be sentenced to the Youth Correctional Institution Complex under *N. J. S. A.* 30:4-147 for an indeterminate term. The Appellate Division, 127 *N. J. Super.* 399 (1974), unanimously agreed that, considering all relevant factors including defendant's age and lack of maturity, the aggregate prison sentence of 15 to 22 years "for this one night's spree" was excessive. However, the court split on the question of what would be appropriate under the circumstances.[1]

The majority opinion of the Appellate Division rejected defendant's contention that he should be sentenced to the Youth Complex, basically for the reason that a sentence to the Complex cannot fix a minimum term of incarceration. The majority opinion found that the circumstances called for some minimum term of incarceration for deterrent purposes and that this could be accomplished only by a sentence to State Prison. It considered appropriate a total sentence of not less than 7 nor more than 12 years with the recommendation that defendant be evaluated for transfer to a youth correctional institution while he served such sentence.

Judge Conford dissented from the reduced sentence to State Prison on the ground that confinement to that institution has ominous portent for the rehabilitative prospects of a malleable 18-year-old initiate to that institution. He noted that the majority recommendation that defendant be transferred to a youth correctional institution does not assure that he will be and that, in fact, no such transfer has

---

[1] Defendant had no prior criminal record as an adult. His juvenile record included several adjudications of delinquency for breaking and entering; breaking, entering and larceny and shoplifting.

yet been made.[2] The dissent concluded that the best chance for rehabilitation lay in a sentence to the Youth Complex which offers the best hope by way of physical surroundings and rehabilitative programs for correction of an offender like defendant. By virtue of the dissent, defendant has appealed to this Court as of right. *R.* 2:2–1(a)(2).[3]

Considering all of the circumstances, we are in accord with the judgment of the Appellate Division and affirm its ruling substantially for the reasons set forth in its majority opinion and also on the basis of our comments in *State v. Spinks, supra.* We add the following observations.

■ ■ Under *N. J. S. A.* 30:4–147 any male between the age of 15 and 30 years who has been convicted of a crime punishable by imprisonment in the State Prison, who has not previously been sentenced to a State Prison in this or any other state, may be committed to the Youth Correctional Institution Complex. The advantages, for rehabilitative purposes, of sentencing to this Complex are compelling and have been outlined in the dissenting opinion of Judge Conford. A youthful offender eligible for sentence to the Complex should ordinarily be sentenced there unless good and substantial reasons exist for not so doing. The policy of the law is to reform the youthful offender. Sentencing judges should direct the punishments they impose to the goal of reformation. *State v. Ward,* 57 *N. J.* 75, 82 (1970).

■ *Rule* 3:21–4(e) (effective September 9, 1974), provides that a judge, at the time sentence is imposed, shall state the reasons for imposing such sentence, which statement is then set forth in the judgment of conviction. *R.* 3:21–5. As applied to *N. J. S. A.* 30:4–147, this requires that

---

[2]Following oral argument of this appeal, we have been informed that defendant was evaluated for possible transfer to the Youth Complex but it was the judgment of the Staff that he remain at the State Prison.

[3]The State does not here challenge, as it did in *State v. Spinks, supra,* the Appellate Division's revision of a bargained sentence.

a judge, who imposes a State Prison sentence on an offender who is eligible for sentence to the Youth Complex, state the reasons for not sentencing the offender to the Youth Complex and why the sentence to State Prison is more appropriate.

Affirmed.

*For affirmance*—Chief Justice HUGHES, Justices JACOBS, MOUNTAIN, SULLIVAN, PASHMAN and CLIFFORD and Judge KOLOVSKY—7.

*For reversal*—None.