STATE OF NEW JERSEY, PLAINTIFF-APPELLANT, v.
WILLIE SPINKS, DEFENDANT-RESPONDENT.

Argued January 22, 1975—Decided March 4, 1975.

Mr. *John De Cicco,* Deputy Attorney General, argued the cause for plaintiff-appellant (Mr. *William F. Hyland,* Attorney General of New Jersey, attorney).

*Mr. Gerald P. Boswell,* Assistant Deputy Public Defender, argued the cause for defendant-respondent (*Mr. Stanley C. Van Ness,* Public Defender, attorney).

*Mr. Edwin H. Stern,* Special Deputy Attorney General, Acting Prosecutor of Hudson County, filed a Statement in Lieu of Brief on behalf of Intervenor Acting Hudson County Prosecutor.

The opinion of the Court was delivered by

SULLIVAN, J. We are here called upon to review the action of the Appellate Division modifying as excessive a sentence imposed on defendant by the trial court pursuant to a plea bargain.

On November 6, 1972 Willie Spinks, then 18 years of age, committed an armed robbery at a liquor store in Monmouth County. Six days later he participated in three more armed robberies at a gas station and two Cumberland Farms Stores, all in Monmouth County. He and his companions were apprehended shortly after the last robbery. Four indictments were returned against defendant charging him with these robberies while armed (one of the indictments was for aiding and abetting). A separate two-count indictment charged defendant with unlawful possession of a firearm.

Following negotiations with the prosecutor's office, defendant entered into a plea bargain under which he agreed to plead guilty to the four indictments charging robbery while armed in return for the prosecutor's recommendation that the sentences on the indictments were to run concurrently with each other, that defendant's "maximum exposure" be 25 years and that the indictment charging unlawful possession of a firearm be dismissed.

The trial court accepted the pleas of guilty and sentenced defendant as follows: On each of the four armed robbery indictments, defendant was sentenced to State Prison to a term of not less than 10 nor more than 15 years on the robbery count, and a consecutive term of not less than five nor

more than 10 years for committing the robbery when armed. The sentence on each indictment was made concurrent with the sentences imposed on the other indictments so that the aggregate of the sentences received by defendant was 15 to 25 years.[1] Following imposition of sentence, the trial judge advised defendant "that you have forty-five days from today's date within which to take an appeal from the sentences."

Defendant forthwith filed an appeal claiming that the sentence of 15–25 years was manifestly excessive and that he should have been sentenced to an indeterminate term at the Youth Correctional Institution Complex pursuant to *N. J. S. A.* 30:4–147.

The Appellate Division in an unreported opinion rejected defendant's contention that he should have been sentenced to the Youth Complex, but noted that defendant was then serving his prison sentence at Complex facilities pursuant to administrative transfer.

However, the Appellate Division found the 15–25 years aggregate prison sentences imposed to be excessive. For sentencing purposes, it viewed defendant's offenses as a single criminal episode and, in light of his age at the time the offenses were committed (18 years), immaturity and lack of any prior criminal record, concluded that sentences aggregating not less than 10 nor more than 15 years "would more properly fit this offender." It remanded the matter to the trial court for resentencing. We granted the State's petition and defendant's cross-petition for certification. 64 *N. J.* 492 (1974). We also granted leave to the Acting Prosecutor of Hudson County to file a statement supporting in part the argument presented by the State in its petition for certification.

The State argues: (1) the Appellate Division should not exercise its inherent jurisdiction to review excessive sentence

---

[1] Apparently, the indictment charging unlawful possession of a firearm was also dismissed.

claims where the sentence imposed was in accordance with a plea bargain; (2) to do so is incompatible with the contractual nature of a plea negotiation; (3) the goals of sentence review are not served by appellate review of bargained sentences and (4) adequate procedures are available without resort to the appellate courts to assure that sentences imposed pursuant to plea bargains are not disparate.

In the alternative, the State suggests that, if appellate review of bargained sentences is proper, the State should have the opportunity to withdraw from the terms of a plea bargain which is modified on appeal.

 We conclude that appellate review of a sentence imposed pursuant to a plea bargain is proper and is not incompatible with the concept of plea negotiations.[2] A defendant in a criminal case has a right of appeal from the final judgment of conviction, including the sentence. *R.* 2:3–2. See *State v. Bess,* 53 *N. J.* 10 (1968).

 Here, defendant was specifically advised by the sentencing judge that he could appeal the sentence imposed. If an appellate court after considering all relevant circumstances finds that a sentence is excessive, it not only has the power but the obligation to revise it, even though it was arrived at through plea bargaining.

 Of course, in reviewing a bargained sentence now claimed to be excessive, an appellate court should not only consider each and every term of the bargain, including the reduction or dismissal of charges, but should recognize that the defendant has freely agreed to the imposition of such sentence as part of the plea negotiations. To put it plainly, an appellate court should ordinarily defer to the presumed reasonableness of a bargained sentence and not hold it to be excessive except in compelling circumstances.

---

[2]Not presented by this appeal is the issue of a plea bargain involving a defendant's express waiver of a right of appeal. However, this Court has granted direct certification in *State v. Gibson,* A–140–74 and *State v. Bryant,* A–141–74, in which this issue is involved.

The State argues that sanctioning appeals in this type of situation will encourage the filing of frivolous appeals; that a defendant will make the best deal possible with the prosecutor regarding plea reduction or dismissal of charges and sentence, and then file an appeal in the hope of obtaining some further advantage beyond the bargain.

We recognize that inherent in the right of appeal is the possibility of frivolous appeals. However, we are satisfied that the appellate court can effectively control the situation by giving due regard to all of the factors involved in the plea negotiations, and by ordinarily deferring to the presumed reasonableness of a bargained sentence.

We find no merit in the State's contention that it should have the opportunity to withdraw from the terms of a plea bargain which is modified on appeal. As heretofore noted, the sentence imposed on defendant, as revised by the Appellate Division, was within the terms of the plea bargain. Aside from that, vacation of pleas on the application of the State and the reinstatement of criminal charges after sentence has been imposed would present serious questions of double jeopardy.

The essence of a negotiated plea is the defendant's voluntary and informed waiver of the right to remain silent and stand trial on specified charges in return for concessions from the State by way of reduction or dismissal of charges, recommendation as to sentence and the like. Due regard for defendant's constitutional rights requires that all of the terms of the negotiated plea be fully met if the plea is to stand, but the State cannot insist that a particular sentence, even though negotiated, be imposed. Sentence is always a matter of discretion for the trial court and the defendant, under *R.* 2:3-2, has the right of appellate review of that exercise of discretion.

Even if permitted, as a practical matter there would seem to be little purpose in the State's seeking to withdraw from a plea bargain where the negotiated sentence has been found to be excessive. Normally, the bargain represents the

best result the State feels it can accomplish under all the circumstances.

█ On the question whether sentencing defendant to State Prison was proper, we reject defendant's contention that he should be sentenced to the Youth Correctional Institution Complex. By statute, a sentence to the Complex cannot fix a minimum term to be served and release is made at such time as the board of trustees of the Complex determines, in accordance with its rules and regulations formally adopted. *N. J. S. A.* 30:4–148. (*N. J. S. A.* 30:4–1).

Here, defendant participated in four armed robberies. It is just fortunate that someone was not injured or killed. Despite defendant's then age, immaturity and lack of any prior criminal record, we agree that some minimum term should be served for the purposes of impressing on defendant the seriousness of his antisocial actions and also as a deterrent.

Defendant points out that the only way a minimum term can be imposed is by sentence to State Prison, and that to commit a 19-year-old youth to that institution, where he will be subjected to the influence of older, hard-core criminals, will destroy whatever hope of rehabilitation that may exist. Commitment to the Youth Complex, on the other hand, will avoid this contaminating exposure and enhance defendant's opportunities for rehabilitation.

We recognize the problem. Perhaps a sentencing judge should have the power to sentence a youthful offender to the Complex, but fix a minimum term that must be served. However, this would require an amendment to *N. J. S. A.* 30:4–148. In any event, all persons sentenced to State Prison undergo a process of evaluation and screening. Youthful offenders may be administratively transferred to the Youth Complex to serve their prison sentence. *N. J. S. A.* 30:4–85; *N. J. S. A.* 30:4–91 *et seq.*[3]

---

[3]In fact all persons sentenced to State Prison are now initially housed at Yardville, one of the Youth Complex facilities, and evaluated there.

 Indeed, a sentencing judge, in an appropriate situation, should include in the judgment of conviction a provision that the offender be immediately evaluated for potential transfer to a Youth Complex facility to serve the minimum-maximum prison sentence imposed. In the instant case the record shows that defendant was in fact transferred to the Youth Complex for that purpose. However, we were told at oral argument that he has since been transferred back to State Prison because of disciplinary problems.[4]

We do not pass upon the actual reduction in sentence ordered by the Apellate Division since the State makes no contention that, if it be determined that it is proper for an appellate court to review a bargained sentence, the action taken herein by the Appellate Division is not supported by the record.

Affirmed.

*For affirmance*—Chief Justice HUGHES, Justices JACOBS, MOUNTAIN, SULLIVAN, PASHMAN and CLIFFORD and Judge KOLOVSKY—7.

*For reversal*—None.

.

---

[4]Even if defendant had been originally sentenced to the Youth Complex, he could be administratively transferred to State Prison if his conduct or behavior made him unsuitable for Youth Complex confinement. *N. J. S. A.* 30:4–85; *N. J. S. A.* 30:4–91.1 *et seq.*