STATE OF NEW JERSEY, PLAINTIFF, v. WILLIAM FRANCIS WHITE, DEFENDANT.

Superior Court of New Jersey
Law Division Hudson County

Decided July 6, 1982.

---

[1]Perfection of security interest in promissory notes is covered by possession. *N.J.S.A.* 12A:9–305.

*Donald L. Gardner,* Assistant Prosecutor, for plaintiff (*Harold J. Ruvoldt, Jr.,* Hudson County Prosecutor, attorney).

*Thomas J. Kilcoyne,* Assistant Deputy Public Defender, for defendant (*Stanley C. Van Ness,* Public Defender, attorney).

STERN, J. S. C.

■ This case presents the important question of whether the Code of Criminal Justice, *N.J.S.A.* 2C:1–1 *et seq.,* affects prior law prohibiting the imposition of an indeterminate term with a

maximum below five years, when defendant is committed to the Youth Correctional Institution Complex for an offense carrying a statutory maximum of five years or more. I conclude that the indeterminate term cannot be limited to less than five years when the statutory maximum for the offense is five years or greater.[1]

Counsel presented the court with a negotiated plea recommendation providing that if defendant received a custodial term, it would be indeterminate to the Youth Correctional Institution Complex limited to a four-year maximum. Four years is the presumptive term, if a custodial term is imposed, on a third degree crime such as the crime to which defendant's plea was offered. See *N.J.S.A.* 2C:43–6(a)(3), 2C:44–1(f) (ordinary term). The court rejected the recommendation and the parties revised their recommendation to avoid the limitation on the maximum indeterminate term. The plea was then accepted pursuant to *R.* 3:9–3. However, this opinion is being filed to formalize the reasons for the prior rejection.

*N.J.S.A.* 2C:43–5 provides:

Any person who, at the time of sentencing, is less than 26 years of age and who has been convicted of a crime may be sentenced to an indeterminate term at the Youth Correctional Institution Complex in accordance with *R.S.* 30–4–146 *et seq.* in the case of men, and to the Correctional Institution for Women in accordance with *R.S.* 30:4–153 *et seq.* in the case of women instead of the sentences otherwise authorized by the code.

*N.J.S.A.* 30:4–148 provides:

*The courts in sentencing pursuant to N.J.S.A. 2C:43–5 shall not fix or limit the duration of sentence,* but the time which any person shall serve in confinement or on parole shall not in any case exceed 5 years or the maximum term provided by law for the crime for which the prisoner was convicted and sentenced, if such maximum be less than 5 years; provided, however, that the court, in its discretion, for good cause shown, may impose a sentence greater than 5 years, but in no case greater than the maximum provided by law, and the commitment shall specify in every case the maximum of the sentence *so* imposed. [Emphasis supplied]

---

[1]This is even true with respect to a third degree crime, the subject of this litigation, where the "presumptive" term (*N.J.S.A.* 2C:44–1(f)) is below five years.

■ As a result, an indeterminate sentence contains an automatic five-year maximum unless the statutory maximum is less than five years, in which event it shall control, or unless the statutory maximum is above five years and the indeterminate maximum is raised, for good cause shown, subject to the statutory maximum. *State v. Prewitt*, 127 *N.J.Super.* 560, 565 (App. Div.1974). Clearly, if no exception applies, the maximum is controlled by the statute and should not be specified in terms of years within the sentence. *State v. Lavender*, 113 *N.J.Super.* 576 (App.Div.1971). Moreover, "courts have no power to reduce the statutorily understood maximums on an indeterminate term." *State v. Prewitt, supra* 127 *N.J.Super.* at 565; *State v. Nicholson*, 69 *N.J.Super.* 230 (App.Div.1961).

Despite the concept of presumptive terms, nothing in the Code of Criminal Justice changed this result. See *N.J.S.A.* 2C:1–1(e). The Parole Act of 1979 essentially acknowledged that fact by providing for primary parole eligibility on indeterminate sentences based on the presumptive term. With respect to the schedule of parole eligibility to be established for defendants sentenced as youthful offenders, *N.J.S.A.* 30:4–123.51(d) provides, in part:

> In no case shall the board schedule require that the primary parole eligibility date for a young adult offender be greater than [the] primary parole eligibility date required pursuant to [*N.J.S.A.* 30:4–123.51] for the presumptive term for the crime authorized pursuant to *N.J.S.A.* 2C:44–1(f).

See *N.J.S.A.* 30:4–123.51(a).

■ As the maximum sentence for a third degree crime is five years, the indeterminate maximum cannot be limited by the sentencing judge. Nor may a minimum term be imposed. *See, e.g., State v. Groce*, 183 *N.J.Super.* 168 (App.Div.1982).[2]

Sentencing is scheduled for September 16, 1982.

---

[2]See also *State v. Ribbecke*, 185 *N.J.Super* 65 (Law Div.1982). For present purposes, given the issue before me, I note only the analysis in *Ribbecke* indicating that indeterminate terms authorized by *N.J.S.A.* 2C:43–5 should be considered independently from other provisions of the Code of Criminal

Justice relating exclusively to sentences for specific terms. See also *N.J.S.A.* 2C:43–2(e) requiring consideration and articulation of parole consideration and the criteria for withholding or imposing a sentence of imprisonment as embodied in *N.J.S.A.* 2C:44–1, when imposing a sentence under *N.J.S.A.* 2C:43–5. Note also that *N.J.S.A.* 30:4–148 was amended after enactment of the Code and as part of the Parole Act of 1979 to refer specifically to *N.J.S.A.* 2C:43–5.