232 N.J. Super. 21 (1989)
556 A.2d 342
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
RONALD ROBINSON, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted December 13, 1988.
Decided March 29, 1989.
*22 Before Judges MICHELS and LONG.
*23 Alfred A. Slocum, Public Defender, attorney for appellant (David Elving Schwartz, Designated Counsel, of counsel and on the letter brief).
Samuel Asbell, Camden County Prosecutor, attorney for respondent (Deborah Fox, Assistant Prosecutor, of counsel and on the letter brief).
The opinion of the court was delivered by LONG, J.A.D.
In 1986, pursuant to a plea agreement, defendant, Ronald Robinson, entered pleas of guilty to the following charges: count one of Accusation No. 2623-10-86 charging second degree robbery contrary to N.J.S.A. 2C:15-1; count seven of Accusation No. 2624-10-86 charging terroristic threats contrary to N.J.S.A. 2C:12-3; count one of Accusation No. 2625-10-86 charging third degree theft contrary to N.J.S.A. 2C:20-3; count three of Accusation No. 2626-10-96 charging terroristic threats contrary to N.J.S.A. 2C:12-3; and count one of Accusation No. 2627-10-86 charging second degree burglary contrary to N.J.S.A. 2C:18-2. In accordance with the plea bargain, the State recommended concurrent probationary terms of five years on each conviction and the dismissal of numerous other charges then pending against defendant. The trial judge sentenced defendant to an aggregate term of five years probation and imposed an appropriate Violent Crimes Compensation Board penalty.
In 1987, defendant was arrested on a robbery charge at which time he made an inculpatory statement to a law enforcement officer. A charge of probation violation was filed against him in February, 1987. Thereafter, a violation hearing was held before the trial judge who based his conclusion that defendant violated his probation on the defendant's inculpatory statement and on the testimony of the officer as to the circumstances under which the statement was given. He then sentenced defendant on the original charges as follows: 1) ten *24 years, with parole ineligibility for five years, for robbery (Accusation 2623-10-86); 2) five years, with parole ineligibility for two and one-half years, for each of the counts of terroristic threats (for a total of ten years, with parole ineligibility for five years) (Accusations XXXX-XX-XX and XXXX-XX-XX); 3) five years, with parole ineligibility for two and one-half years, for theft (Accusation 2625-10-86); and 4) ten years, with parole ineligibility for five years, for burglary (Accusation 2627-10-87). The sentences were to be served consecutively, except for the sentence for burglary, which was ordered to run concurrently with the robbery sentence. Defendant later entered a guilty plea to the charge of robbery which underpinned his probation violation and was sentenced to an extended term of thirty years, twelve and one-half without parole to be served concurrent with the sentence at issue here.
Defendant appeals, claiming that the following errors warrant reversal:
POINT I:
THE COURT IMPROPERLY IMPOSED A PROBATION REVOCATION SINCE AT THE TIME OF ITS REVOCATION DEFENDANT HAD NOT BEEN FOUND GUILTY OF ANY OFFENSE.
POINT II:
THE SENTENCE IMPOSED ON DEFENDANT'S PROBATION VIOLATION WAS MANIFESTLY EXCESSIVE, UNREASONABLE AND AN IMPROPER EXERCISE OF JUDICIAL DISCRETION.
In Point I, defendant maintains that the State is precluded from holding a revocation proceeding in a situation such as this. In support of this argument, he relies on State v. Reyes, 207 N.J. Super. 126, 135 n. 2 (App.Div. 1986), certif. den. 103 N.J. 499 (1986) where we made the following observation:
If the charged violation is the commission of an offense for which defendant has not yet been tried, the issue of guilt or innocence of that offense is not normally tried in a summary hearing. Defendant may be committed without bail in the probation proceedings pending determination of the new criminal charge "if there is probable cause to believe that the defendant has committed another offense or if he has been held to answer therefor...." [citation omitted]
*25 The question presented here is not answered by Reyes. We are not faced with the issue of what is the better procedure in a case in which a violation of probation is based on the commission of a new offense. Clearly, in most cases, the most sensible, fair and expeditious procedure will be to await the outcome of the trial on the new criminal charges. See Commentary, New Jersey Penal Code (1971), Vol. II at 347. The question before us is a different one: is the State limited to abiding the event of a new criminal disposition or may a violation of probation hearing take place in advance of it. Our recent decision in State v. Wilkins, 203 N.J. Super. 261 (1989) laid this issue to rest. There we reaffirmed the proposition that the commission of a new offense also constitutes a failure to comply with a substantial requirement imposed as a condition of probation under N.J.S.A. 2C:45-3a(4). Thus, while under the statute, a probationer may be confined without bail pending disposition of criminal charges (N.J.S.A. 2C:45-3a(3)), that is not the only available procedure. The court may alternatively proceed with a probation revocation hearing based upon the probationer's failure to comply with the probation condition requiring law-abiding conduct. See State v. Garcia, 193 N.J. Super. 334, 338 (App.Div. 1984); State v. Serio, 168 N.J. Super. 394, 396 (Law Div. 1979). Consequently, there is no warrant for our intervention with respect to the hearing of defendant's charged violation of probation in advance of the disposition of the criminal charges against him. This conclusion accords with the weight of authority from other jurisdictions which have analyzed the issue.[1]
*26 We have also evaluated defendant's claim as to the excessiveness of his sentence. In imposing the original sentence, the trial judge stated the following reasons:
In order to determine whether or not to accept the plea agreement, the court considered the nature and degree of the crime, the need for punishment and deterrence, the prospect for rehabilitation, the presentence report, the defendant's previous involvement with the criminal justice system, the recommendation of the prosecutor, the recommendation of the probation department, the terms of the plea agreement and the interest of the public.
While he expressed misgivings about the plea bargain, he imposed the negotiated five year probationary term.
At the sentencing on the violation of probation, the judge indicated that he had erred at the original sentencing in rejecting the probation department's conclusion that defendant was not a suitable candidate for probation. He also stated that he had made a mistake when, pursuant to N.J.S.A. 2C:44-1d, he originally allowed defendant to avoid the presumption of incarceration which his conviction for a second degree offense carried. We think that the judge's candid acknowledgement of error was relevant on the resentencing. This was not a case of the benefit of hindsight. Here, the judge failed to heed the probation department's in-depth analysis of defendant's character and record with its poor prognosis for non-custodial success and also neglected to conform to the statutory sentencing *27 scheme in the first instance. We thus have no difficulty with the theoretical imposition of a prison term on defendant.
Since defendant's sentencing on the violation of probation, the Supreme Court has enunciated standards for the use of a probation violation at a resentencing. In State v. Baylass, 114 N.J. 169 (1989), the Court declared that while a probation violation may be used on the "in-out" decision whether to revoke probation and incarcerate a defendant, it is neither an aggravating factor nor evidence of such a factor. See State v. Molina, 114 N.J. 181 (1989) (companion case to State v. Baylass). The Court went on to hold that a probation violation may, however, be used to diminish or negate mitigating factors such as defendant's ability to lead a law-abiding life, N.J.S.A. 2C:44-1b(7); the unlikelihood that he will commit another offense, 8N.J.S.A. 2C:44-1b(9); and the likelihood that he will respond affirmatively to probation, N.J.S.A. 2C:44-1b(10). Id. For a defendant who has committed multiple offenses, the Court concluded that a probation violation may not be used to determine whether the sentences should be concurrent or consecutive. Id. at 331-332. Finally, the Court emphasized the need for a sentencing judge to identify and weigh aggravating and mitigating factors at both the original sentencing hearing and the probation violation hearing. Id. at 332.
Here, in resentencing defendant, among the reasons advanced by the trial judge for the increase from five years probation to twenty-five years in custody with a twelve and one-half year parole disqualifier were that the violation enhanced certain aggravating factors:
Need to punish, absolute need to punish this defendant for his criminal activity, because notwithstanding the fact that he got every benefit and afforded the opportunity to rehabilitate himself and prove to society that he was a meaningful member of society, he could not be trusted not to commit further criminal activity. In a short period of three months, he went out and committed the very same crime. So, there's an absolute need to punish him. There's a need to hopefully deter him from future criminal activity, there's a very substantial need to deter others who would follow in his footsteps.
*28 These reasons clearly contravene Baylass' instruction as to the use of a probation violation on a resentencing and require reversal and remand.
In addition, in determining that defendant's sentences (with one exception) should be served consecutively, the trial judge violated both Baylass and State v. Yarbough, 100 N.J. 627, 644 (1985) which prescribes that "there should be an overall outer limit on the cumulation of consecutive sentences for multiple offenses not to exceed the sum of the longest terms (including an extended term, if eligible) that could be imposed for the two most serious offenses." In imposing the sentence here, the trial judge stated:
When we evaluate the need for consecutive sentencing, now, the court is ever mindful of State v. Yarbough, but also Yarbough indicates to us that a defendant should not receive the benefits of a free crime. This defendant has had numerous free crimes. And the time is coming and it has arrived when he will get no further free criminal activity. The court's clearly satisfied that there is a substantial need to make many of these sentences consecutive, because I'm satisfied that the words of Judge Gruccio in the case of State v. Mosch [214 N.J. Super. 457 (App.Div. 1986)] have application here. When he pointed out that under our system, one is punished  under our system, the punishment shall fit the crime. And this defendant has had his share of free crimes an it is now time for him to receive his just desserts.
He also stated:
And finally, giving Yarbough its due in the opinion of the court, recognizing, however, the sentence to this point has exceeded the maximum that could be imposed for the two most serious crimes that the defendant has been sentenced, but I did that consciously and objectively, because I feel the defendant should be adequately punished and that's the only way to do it.
These statements, which boil down to the conclusion that the defendant "deserves" a greater than Yarbough sentence, are no basis for disregarding the Supreme Court's standards. Moreover, to the extent that defendant's violation of probation was improperly considered as an aggravating factor enhancing his need for punishment, the rule of Baylass that a probation violation may not be used to determine whether sentences should be concurrent or consecutive was also violated. On the remand, defendant's exposure will be limited under Yarbough to the maximum terms imposable for two second degree offenses, *29 with maximum parole disqualifiers: twenty years, ten years without parole. This is not to suggest that this limit should be approached in the resentencing, only that as a matter of law it may not be exceeded absent a clear statement of justification by the trial judge which he has, as yet, failed to articulate.
Affirmed in part; reversed and remanded in part.
NOTES
[1] For cases holding that a criminal conviction on a subsequent offense is not required before revoking probation so long as there is evidence of unlawful conduct, see United States v. Manuszak, 532 F.2d 311, 317 (3d Cir.1976); Kartman v. Parratt, 535 F.2d 450, 458 & n. 7 (8th Cir.1976); United States v. Webster, 492 F.2d 1048, 1051 (D.C. Cir.1974); Amaya v. Beto, 424 F.2d 363 (5th Cir.1970); United States v. Markovich, 348 F.2d 238, 240 (2d Cir.1965); Powell v. State, 485 So.2d 379, 380-81 (Ala. 1986); People v. Carr, 185 Colo. 293, 524 P.2d 301 (1974); Johnson v. State, 62 Md. App. 548, 490 A.2d 734 (Md. App. 1985). For cases holding that the United States Constitution does not mandate disposition of underlying criminal charge prior to a probation revocation hearing, see Ryan v. Montana, 580 F.2d 988, 991 (9th Cir.1978), cert. den 440 U.S. 977, 99 S.Ct. 1548, 59 L.Ed.2d 796 (1979); United States v. Brugger, 549 F.2d 2, 4-5 (7th Cir.), cert. den 431 U.S. 919, 97 S.Ct. 2186, 53 L.Ed.2d 231 (1977); Flint v. Mullen, 499 F.2d 100 (1st Cir.), cert. den 419 U.S. 1026, 95 S.Ct. 505, 42 L.Ed.2d 301 (1974); People v. Coleman, 13 Cal.3d 867, 533 P.2d 1024, 120 Cal. Rptr. 384 (1975); Borges v. State, 249 So.2d 513 (Fla. Dist. Ct. App. 1971); Evans v. State, 153 Ga. App. 764, 266 S.E.2d 545 (1980); People v. Woodall, 44 Ill. App.3d 1003, 3 Ill.Dec. 582, 587, 358 N.E.2d 1267, 1272 (1976); State v. Wahlert, 379 N.W.2d 10 (Iowa 1985); Dail v. State, 96 Nev. 435, 610 P.2d 1193, 1194 (1980); State v. Randall, 27 Or. App. 869, 557 P.2d 1386, 1388-90 (1976); Commonwealth v. Kates, 452 Pa. 102, 305 A.2d 701 (1973); Roberts v. State, 584 S.W.2d 242 (Tenn. Ct. App. 1979); State v. Cyganowski, 21 Wash. App. 119, 584 P.2d 426, 427 (1978).