610 A.2d 892

STATE OF NEW JERSEY, PLAINTIFF–RESPONDENT,
v. JEREMY BERGER, DEFENDANT–APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued July 14, 1992—Decided July 29, 1992.

Before Judges HAVEY and STERN.

*James K. Smith, Jr.,* Deputy Public Defender, argued the cause for appellant (*Wilfredo Caraballo,* Public Defender, attorney; *James K. Smith, Jr.,* of counsel and on the brief).

*Gilbert G. Miller,* Assistant Prosecutor, argued the cause for respondent (*Nicholas L. Bissell, Jr.,* Somerset County Prosecutor, attorney; *Gilbert G. Miller* of counsel; *Mildred Vallerini Spiller* on the letter brief).

The opinion of the court was delivered by

STERN, J.A.D.

This appeal raises the unresolved question of whether an indeterminate term for a young adult offender, less than 26 years of age, under *N.J.S.A.* 2C:43–5 imposed on a violation of probation for a third degree crime, violates the principles of *State v. Baylass,* 114 *N.J.* 169, 553 *A.*2d 326 (1989), and *State v. Molina,* 114 *N.J.* 181, 553 *A.*2d 332 (1989). The appeal requires analysis of that issue in the context of a contention that, at

least with respect to some third degree crimes, primary parole eligibility occurs later in time on an indeterminate sentence than with respect to a presumptive four year sentence.

The background giving rise to this appeal is undisputed. On June 20, 1988 defendant pled guilty to a one count accusation charging him with third degree possession of heroin, *N.J.S.A.* 2C:35–10a(1). Other charges were recommended for dismissal as part of the negotiated disposition and the prosecutor recommended a "non-custodial" sentence. On October 21, 1988 defendant was placed on probation for three years with various conditions including submission to "a drug abuse evaluation" and treatment if "needed," performance of 100 hours of community service, payment of a $500.00 fine, a $50.00 Violent Crimes Compensation Board penalty and a $1,000 D.E.D.R. penalty. Defendant's driver's license was also suspended for twelve months. The trial judge gave the following statement of reasons for the sentence imposed:

> You are 22 years of age and this represents your second conviction of an indictable nature. However, I note that you have an extensive number of arrests for various matters relating to juvenile offenses and disorderly persons offenses which go back to 1979 when you were 13 years of age. I would note that the presumption of non-incarceration for a third degree offense pursuant to *NJS* 2C:44–1e would not apply in your case because of your extensive criminal record. However, given your youth and the representation that the amount of drugs was very small and given the plea agreement recommended by the prosecutor's office, I will reluctantly impose a non-custodial sentence. However, as conditions of probation, I will order the payment of a fine, performance of community service and drug evaluation and treatment.

No aggravating or mitigating factors were expressly stated at the time of sentencing or in the judgment of conviction.

On May 25, 1990 defendant pled guilty to a new non-indictable marijuana possession charge and recognized that the plea acknowledged guilt of a violation of probation.[1] On July 13,

---

[1] The basis for the violation of probation actually appears to have been defendant's failure to attend and complete community service and drug treatment and failure to pay the monetary fines and penalties imposed, as charged in a Violation of Probation report of March 2, 1990 which preceded the arrest

1990 defendant was sentenced on the violation of probation to an "indeterminate term not to exceed five years at the Garden State Reception and Youth Correction Facility at Yardville." In imposing sentence the judge said to defendant:

> And the fact of the matter, Mr. Berger, is you have been given innumerable opportunities to rehabilitate yourself, arrangements have been made to provide you with treatment, you have rejected everyone of those efforts. And you simply are a very poor and totally unsuitable candidate for probation.
>
> At the time of your original sentence the Court found that there were two aggravating circumstances, namely factor three, the risk that you would commit another offense, and factor nine, the need to deter you from violating the law.
>
> Because of your youth the Court thought that perhaps there was a mitigating circumstance, that you were prepared to respond to probationary treatment. Obviously the Court was wrong.
>
> The Court also thought that mitigating factor number six applied, that you would participate in a program of community service which the Court thought would assist you in your rehabilitation efforts. And again the Court was wrong.
>
> At this time I find no mitigating circumstances, the same two aggravating circumstances.
>
> And I am clearly convinced at this time that the aggravating circumstances substantially outweigh the mitigating circumstances.
>
> I would note, as I have said, that the presumption of [non] imprisonment that applies for these offenses which would be applicable at the time of your original sentencing back in October of '88 for possession of heroin pursuant to the Statute 2C:44–1E obviously does not apply upon a sentencing for violation of probation.
>
> I'm satisfied, Mr. Berger, that there's no way that anyone is going to assist you at this time given your attitude, your juvenile, immature, irresponsible attitude. I think the only thing you need is to be incarcerated. And that will do two things; one is it will keep you away from drugs during the period of time that you are incarcerated, and two, it will give you some time to think as to what you want to do with your life. Because the way you are going, Mr. Berger, you are going down a path that can only lead to your destruction and ultimate death. And I think that frankly by putting you behind bars we will be helping you.[2]

---

and plea on the marijuana offense, all as noted in the probation department report "typed: June 28, 1990."

[2]The 1988 statement of reasons referred to above noted that there was no presumption against imprisonment. The 1988 presentence report reflects 1986 adult indictable and non-indictable convictions. The V.O.P. report of 1990

In his written statement of reasons appended to the judgment the trial judge concluded:

> You are 23 years of age and you were originally sentenced on October 21, 1988 to a third degree charge of possession of heroin and placed on probation conditioned on performing 100 hours of community service and fine, fines, fees and penalties. Since being placed on probation over twenty months ago, you have not performed any community service, nor made any payments on fees, fines and penalties, and you have refused to enter or complete drug programs which have been recommended to you. Since your October, 1988 sentence you have been arrested at least eight times and convicted six times. You have absolutely no motivation to satisfactory complete a supervised program and you are obviously not a suitable candidate for continued probation.
>
> At the time of your original sentencing the court found two aggravating factors, namely factor 3, the risk that you will commit another offense and factor 9, the need to deter you and others from violating the law and both continue to exist. The court also found several mitigating factors, in that it was assumed that you would participate in a program of community service and it was thought that you would likely respond affirmatively to probationary treatment even though that sentence represented your second indictable conviction. At this time we find no mitigating circumstances and accordingly we are clearly convinced that the aggravating factors substantially outweigh the mitigating factors.
>
> For that reason the court will sentence you to an indeterminate term in a youth correctional facility.

On defendant's initial appeal from the sentence imposed on the violation, we remanded "for reconsideration of the sentence in light of *State v. Baylass,* 114 *N.J.* 169 [553 *A.*2d 326] (1989), and *State v. Molina,* 114 *N.J.* 181 [553 *A.*2d 332] (1989)."

The matter was heard by the Law Division on remand on June 28, 1991 and treated as a motion for reconsideration of sentence.[3] In connection with that proceeding defense counsel filed a letter brief in which he suggested that the trial judge's statement of reasons on the original V.O.P. sentencing embodied aggravating factors not noted at the time of original sentencing and failed to find continuing mitigating factors. De-

---

reflects additional non-indictable convictions after defendant was placed on probation in 1988.

[3]The label did not in any way appear to affect the nature of the proceedings or the result.

fense counsel also suggested that the indeterminate sentence would constitute more real time than originally contemplated at the initial V.O.P. proceedings.

At the hearing defendant admitted "there is no more presumption of non-incarceration at this point in time" but contended that the aggravating and mitigating factors were "probably equal." Defendant emphasized his youthful age, that he had only "a very, very small amount of drugs at the time he was arrested and for which he stands convicted" and contended that "no more than the presumptive term [should] be applied." He also argued that, although he was under 26 years of age, an indeterminate sentence was "not required" and

the Court cannot avoid sentencing to a presumptive term because where there is a sentence to an indeterminate term, the Court is required to consider the parole eligibility. And we know from looking at the parole tables and from the cases I have cited when you impose an indeterminate term, it's even longer than a five flat. So the sentence here is way beyond the presumptive.

And I would suggest to the Court that an appropriate sentence would be to a presumptive term.

Defense counsel further argued that no aggravating factors were listed at the time of the 1988 conviction and that "the only mention of an aggravating factor is the Court found extensive criminal record." Counsel also indicated that at the original V.O.P. proceedings the trial judge improperly noted additional aggravating factors.

The judge stated that he intended to incarcerate defendant and that "[t]he only place" he would get the "needed counselling and guidance" the judge felt necessary and appropriate was "in a youth correctional facility." The judge stated further:

He was at the time 23 years of age when I sentenced him on July 6, 1990 [apparently referring to the sentencing on the Violation of Probation]. And I felt that it was in Mr. Berger's interest—best interest that he go to a youth correctional facility.

And it is my understanding that it is recommended that when a person is under twenty-six years of age, he should be sentenced to a Youth Correctional Facility. And that the statute and the case law provides that that sentence should be for the maximum—an indeterminate term equal to the maximum that he could be sentenced for the offense to which he was—for which he was convicted and then we would leave it up to the authorities at the Youth

Correctional Facility to determine when the individual is eligible and should be released on parole.

The judge also indicated that he also intended to comply with *Baylass* and *Molina.*

Defendant's principal contention on this appeal is that "[t]he imposition of an indeterminate term with a five year maximum in this case violated the rule of *State v. Baylass* [114 *N.J.* 169 [553 *A.*2d 326] (1989)]." [4] Defendant contends that, as an indeterminate term on a third degree crime with a statutory maximum term of five years, *see N.J.S.A.* 2C:43–6a(3), must be for a maximum of five years, he may serve a longer sentence than on a presumptive four year term for a third degree crime, particularly because of present parole regulations. *See N.J.S.A.* 2C:43–5; *N.J.S.A.* 30:4–148; *State v. White*, 186 *N.J.Super.* 15, 18, 450 *A.*2d 1339 (Law Div.1982). *See also N.J.A.C.* 10A:71–3.2(c)(2), –3.2(g)(2), –.3.[5] Thus defendant fur-

---

[4]The appeal from the denial of the motion for reconsideration of sentence (more properly the reimposition of the indeterminate sentence on remand) was initially presented on the oral argument sentence calendar. We adjourned the matter and requested briefs from both parties, directing them to include discussion on the following questions:

(1) the continued viability of *State v. McBride*, 66 *N.J.* 577 [334 *A.*2d 27] (1975) (that a youthful offender should ordinarily be sentenced to the Youth Correctional Institution Complex) in light of the Code of Criminal Justice and specifically the presumptive 4 year sentence for a third degree offender in light of *N.J.S.A.* 2C:44–1f(1)(d) and *State v. Hartye*, 105 *N.J.* 399 [411, 522 *A.*2d 418] (1987), (2) can a 3 or 4 year maximum be set on an indeterminate term for a youthful offender under *N.J.S.A.* 2C:43–5, and (3) what is the actual primary parole eligibility in this case and what is the primary parole eligibility for a "presumptive" 4 year sentence to the custody of the Commissioner of Corrections for a similar offense, and (4) what is the impact of the parole regulations (specifically *N.J.A.C.* 10A:71–3.3) on the issues presented, and to what degree should the court consider the impact of the regulations when imposing sentence. *See N.J.S.A.* 2C:44–1(c)(2).

[5]Defendant also cites pre-Code cases for the proposition, as restated in *White, supra,* that an indeterminate term had to be for five years unless the statutory maximum is less than five years which then controls, or unless the statutory maximum is more than five years and the indeterminate term is raised up to

ther contends that as the presumptive sentence for a third degree crime is four years, *see N.J.S.A.* 2C:44–1f(1)(d); *State v. Hartye,* 105 *N.J.* 411, 522 *A.*2d 418 (1987), that at the most a four year presumptive sentence may be imposed.

Defendant claims that a sentence higher than the presumptive sentence on this violation of probation would be contrary to the principles embodied in *Baylass, supra,* where the Supreme Court made clear that a defendant's violation of probation could not in itself constitute an aggravating factor to be considered upon resentencing, although it could negate a previously announced mitigating factor. *See State v. Baylass, supra,* 114 *N.J.* at 176–77, 553 *A.*2d 326. Under *Baylass,* the aggravating factors found at the original sentencing, and those mitigating factors which survive the violation of probation, should be reweighed upon the violation as the sentencing judge is to "determine whether to impose the presumptive sentence or one that is more appropriate." *Id.* at 176, 553 *A.*2d 326. The Supreme Court suggested that "it will be a rare case in which the balance of the original aggravating factors and surviving mitigating factors weigh in favor of a term of imprisonment greater than the presumptive sentence or of a period of parole ineligibility." *Id.* at 178, 553 *A.*2d 326. Defendant claims that that is particularly true here because there were no aggravating factors found at the time of original sentencing, despite the judge's later indication that he found that there was a risk of another offense and the need for deterrence, *N.J.S.A.* 2C:44–1a(3) and (9). *See also State v. Molina, supra; State v. Ervin,* 241 *N.J.Super.* 458, 472–75, 575 *A.*2d 491 (App.Div.1989), *certif. denied* 121 *N.J.* 634, 583 *A.*2d 328 (1990); *State v. Robinson,* 232 *N.J.Super.* 21, 27–28, 556 *A.*2d 342 (App.Div.1989).

---

the maximum, citing *State v. Costello,* 59 *N.J.* 334, 342, 282 *A.*2d 748 (1971); *State v. Prewitt,* 127 *N.J.Super.* 560, 565–67, 318 *A.*2d 427 (App.Div.1974); *In re Nicholson,* 69 *N.J.Super.* 230, 174 *A.*2d 204 (App.Div.1961). *See also State v. Jarbath,* 114 *N.J.* 394, 402, 555 *A.*2d 559 (1989).

The State agrees with the defendant that no maximum duration can be fixed on an indeterminate term for a third degree crime and that it must be five years as a matter of law. In the words of its brief, "[i]ndeterminate sentences are ordinarily deemed to be for a maximum of five years, as the plain wording of the law makes clear, *N.J.S.A.* 30:4–148. *See State v. Prewitt,* 127 *N.J.Super.* 560, 565, 318 *A.*2d 427 (App.Div.1974); *State v. White,* 186 *N.J.Super.* 15, 17–18, 450 *A.*2d 1339 (Law Div. 1982)." *See also N.J.S.A.* 2C:43–5. The State claims that an indeterminate sentence following a violation of probation is neither unlawful under *Baylass* nor inconsistent with its rationale because once the court decides to impose the youthful offender indeterminate sentence under *N.J.S.A.* 2C:43–5, "the concept of a presumptive term is no longer applicable since indeterminate sentences are different by nature than state prison terms." The State also takes issue with the defendant's contention that primary parole eligibility for indeterminate sentences in cases like this is later than for the specific term sentence. It further notes that under *N.J.S.A.* 30:4–123.51(d) dealing with presumptive parole, "the primary parole eligibility date for a young adult offender cannot be greater than the primary parole eligibility date [required] for the presumptive term for the crime" under *N.J.S.A.* 2C:44–1(f). Hence, "[w]ith regard to defendant's argument that he might possibly serve more time under an indeterminate sentence than under a four year prison sentence, the State points out that the reverse is equally possible."

There is support for the State's analysis in light of subtitle 3 of the Code of Criminal Justice dealing with sentencing. *See N.J.S.A.* 2C:43–1 *et seq. N.J.S.A.* 2C:43–2 provides that "[e]xcept as otherwise provided by this code, all persons convicted of an offense or offenses shall be sentenced in accordance with this chapter." *N.J.S.A.* 2C:43–2b provides that

[e]xcept as provided in subsection a. of this section and subject to the applicable provisions of the code, the court may suspend the imposition of sentence on a person who has been convicted of an offense, or may sentence him as follows:

... (3) [t]o imprisonment for a term authorized by sections 2C:11–3, 2C:43–5, 6, 7 and 8 or 2C:44–5....

As the State's brief suggests, the presumptive term embodied in *N.J.S.A.* 2C:44–1f(1) applies only to a specific term sentence imposed when, after considering the Code criteria, the sentencing judge decides to impose a specific ordinary or extended term sentence under *N.J.S.A.* 2C:43–6 or 43–7. We do not hold that Code continues the preference for indeterminate sentencing of young adult offenders who receive State custodial terms. *See State v. McBride,* 66 *N.J.* 577, 334 *A.*2d 27 (1975). We hold only, for present purposes, given the issues addressed in the briefs and the arguments of counsel in these circumstances, that *State v. Baylass, supra,* does not preclude an indeterminate sentence, subject to a five year maximum, for a third degree crime because *Baylass* did not deal with the question of young adult offenders. *See also State v. Molina, supra.* Given the trial judge's articulated reasons respecting why he wanted defendant to serve his sentence at a youth complex,[6] and the absence of a record relating its impact on the parole consequences of the sentence, *see N.J.S.A.* 2C:44–1c(2), we affirm the sentence under review.[7]

---

[6]We recognize that under the pre-Code cases the judge, while not being able to direct the Commissioner of Corrections to have a youthful offender serve a minimum-maximum sentence at the youth complex, could suggest that, *see State v. Spinks,* 66 *N.J.* 568, 575–576, 334 *A.*2d 23 (1975), and may also do so today with respect to specific term sentences. We also note the Commissioner's authority to transfer inmates. *N.J.S.A.* 30:4–85, *N.J.S.A.* 30:4–91, *et seq.;* N.J.S.A. *30:4–91.1.*

[7]In so doing we note it may be that, if the consequences of the parole regulations result in later primary parole eligibility or general paroling of defendants serving indeterminate sentences on third degree crimes than defendants who serve presumptive four year terms, the parole regulations may themselves be subject to an attack as being *ultra vires,* or the present construction of *N.J.S.A.* 2C:43–5 and *N.J.S.A.* 30:4–148 may be subject to reconsideration on the grounds that the Legislature has acquiesced in the Parole Board's interpretation of those statutes. *See e.g., G.E. Solid State v. Division of Taxation,* 254 *N.J.Super.* 653, 657, 604 *A.*2d 189 (App.Div.1992). These issues have simply not been raised or addressed in this case.

Defendant also argues that he "is entitled to credit for the time he spent in three drug treatment programs." As the issue was not presented to the sentencing judge, our affirmance is without prejudice to presentation of the issue to him.

Affirmed.