651 A.2d 483

STATE OF NEW JERSEY, PLAINTIFF–APPELLANT,
v. DAVID LUNA, DEFENDANT–RESPONDENT.

Superior Court of New Jersey
Appellate Division

Submitted November 28, 1994—Decided January 10, 1995.

Before Judges HAVEY, BROCHIN and CUFF.

*John J. Fahy,* Bergen County Prosecutor, attorney for appellant (*John J. Scaliti,* Assistant Prosecutor, of counsel and on the letter brief).

*Lucianna & Lucianna,* attorneys for respondent (*John E. Anderson,* on the letter brief).

PER CURIAM.

Pursuant to a plea agreement, defendant David R. Luna pleaded guilty to one count of first degree distribution of cocaine (*N.J.S.A.* 2C:35–5 a, –5 b and –5 c); two counts of second degree distribution of cocaine (*N.J.S.A.* 2C:35–5 a and –5 b); and three counts of distribution of cocaine within 1,000 feet of a school zone (*N.J.S.A.* 2C:35–7). Each of the six counts to which he pleaded guilty alleged the commission of an offense on a separate date. As part of the plea agreement, the State agreed to recommend a maximum sentence of ten years' imprisonment with three and one-third years' parole ineligibility.

Defendant Luna was seventeen years old when he pleaded guilty to these offenses. He had not previously been convicted of any juvenile delinquencies and he had no prior criminal record. However, the Chancery Division, Family Part, waived jurisdiction, and the charges against him were prosecuted as adult criminal offenses. *See N.J.S.A.* 2A:4A–26; *R.* 5:22–2. The State did not waive *N.J.S.A.* 2C:35–12, the periods of parole ineligibility which were mandated by statute, *N.J.S.A.* 2C:35–5 b(1) and –(7), for the offenses to which he pleaded guilty; and the defendant has not argued that the State's failure to waive was an abuse of discretion. *See State v. Vasquez,* 129 *N.J.* 189, 199, 609 *A.*2d 29 (1992). However, the sentencing judge sentenced him as a youthful of-

fender, *N.J.S.A.* 2C:43-5, to a ten-year indeterminate term at the Youth Correctional Complex for his first-degree offense and to a concurrent five-year term for each of the other offenses.

The State has appealed the sentence imposed on defendant, and its execution has been stayed pending appeal.[1] The State argues that defendant's convictions for first degree distribution of cocaine, *N.J.S.A.* 2C:35-5 a(1) and -5b(1), and for distribution of cocaine within 1000 feet of a school zone, *N.J.S.A.* 2C:35-7, require the imposition of minimum periods of parole ineligibility unless waived by the prosecutor, and there was no waiver in this case. Therefore, the State contends, the indeterminate sentence imposed by the court pursuant to the Young Adult Offenders statute, *N.J.S.A.* 2C:43-5, was illegal, the sentence should be vacated, and the case should be remanded for resentencing.

In support of its argument that an indeterminate sentence under the Young Adult Offenders statute, *supra*, may not be imposed in this case, the State relies upon the mandatory language and the policy of *N.J.S.A.* 2C:35-5 b(1) and -(7), and upon *State v. Des Marets,* 92 *N.J.* 62, 76, 455 *A.2d* 1074 (1983), which held that all Graves Act offenders, even those under twenty-six years of age, must receive the mandatory minimum sentences prescribed by the Act. *N.J.S.A.* 2C:43-6c.

The defendant responds that the language of the Young Adult Offenders statute, *N.J.S.A.* 2C:43-5, was amended by *L.*1983, c. 92, § 1, to make it inapplicable to a Graves Act case and that the Legislature's failure to adopt a similar amendment to make the Young Adult Offenders statute expressly inapplicable to cases in which minimum sentences are mandated by the Comprehensive Drug Reform Act, *N.J.S.A.* 2C:35-1 *et seq.,* implies that indeterminate sentences may be imposed in those cases. The defendant

---

[1] If the sentence imposed on defendant is illegal, the State may appeal and, in the event of resentencing, double jeopardy will not prevent the court from imposing a more onerous sentence. *See State v. Leslie,* 269 *N.J.Super.* 78, 86, 634 *A.2d* 572 (App.Div.1993), *certif. denied,* 136 *N.J.* 29, 641 *A.2d* 1040 (1994).

also seeks to distinguish the Graves Act from the parole ineligibility provisions of the Comprehensive Drug Reform Act on the ground that minimum sentences mandated by the latter act are subject to waiver by the prosecutor or the court. *See N.J.S.A.* 2C:35–12; *State v. Vasquez, supra,* 129 *N.J.* at 199, 609 *A.*2d 29. Furthermore, defendant asserts, there is a presumption against the amendment of a statute—in this case, the Young Adult Offenders statute—by implication. *Dixon v. Gassert,* 26 *N.J.* 1, 9, 138 *A.*2d 14 (1958); *Matter of Sussex County Mun. Authority,* 198 *N.J.Super.* 214, 218–19, 486 *A.*2d 932 (App.Div.), *certif. denied,* 101 *N.J.* 267, 501 *A.*2d 934 (1985).

The Graves Act, *N.J.S.A.* 2C:43–6 c, reads as follows:

> A person who has been convicted under [any one of a number of cited statutes] who, while in the course of committing or attempting to commit the crime, including the immediate flight therefrom, used or was in possession of a firearm ... shall be sentenced to a term of imprisonment by the court. The term of imprisonment shall include the imposition of a minimum term. The minimum term shall be fixed at, or between, one-third and one-half of the sentence imposed by the court or 3 years, whichever is greater, or 18 months in the case of a fourth degree crime, during which the defendant shall be ineligible for parole.

The mandatory sentencing provisions of *N.J.S.A.* 2C:35–5 b(1) and –(7) are similar to those of the Graves Act. *N.J.S.A.* 2C:35–5 b(1) states:

> The defendant shall, except as provided in *N.J.S.* 2C:35–12, be sentenced to a term of imprisonment by the court. The term of imprisonment shall include the imposition of a minimum term which shall be fixed at, or between, one-third and one-half of the sentence imposed, during which the defendant shall be ineligible for parole.

Insofar as pertinent, *N.J.S.A.* 2C:35–7 states:

> [T]he term of imprisonment shall include the imposition of a minimum term which shall be fixed at, or between, one-third and one-half of the sentence imposed, or one year, whichever is greater, during which the defendant shall be ineligible for parole.

In *Des Marets,* where the Supreme Court considered the compatibility of the Graves Act with the Young Adult Offenders statute, the sentence at issue had been imposed before the effective date of *L.*1983, c. 92, § 1, the amendment to the Young Adult Offenders statute which expressly forbade sentencing a Graves

Act offender to an indeterminate sentence. The Court nonetheless inferred that the purpose of the Graves Act was to impose uniformly applied minimum sentences as deterrents to the increasing criminal use of firearms, and the purpose of indeterminate sentencing was to encourage the reform of criminals by providing for the early release of prisoners who were thought to be rehabilitated. *Des Marets, supra,* 92 *N.J.* at 71, 73, 455 *A.*2d 1074. The Court concluded that those two purposes were irreconcilable. *Id.* at 74, 455 *A.*2d 1074. Since the Legislature's more recent choice was deterrence by mandatory incarceration for a fixed period, the later enactment, the Court held, implicitly, but necessarily, repealed the earlier one. *Id.* at 76, 455 *A.*2d 1074.

The provisions of *N.J.S.A.* 2C:35–5 b(1) and –(7), like the Graves Act, evince a legislative strategy to deter serious crime—trafficking in illegal drugs in large amounts or in the vicinity of schools—by imposition of a mandatory period of incarceration. Guided by *Des Marets,* we hold that the strategy of deterrence by mandatory incarceration for a fixed minimum period is inconsistent with the previously adopted strategy expressed in the Young Adult Offenders statute which offers an early release from an indeterminate sentence in return for evidence of rehabilitation.

■ Defendant's arguments for sustaining an indeterminate sentence in this case fail to overcome the inconsistency between these two penal strategies. Since mandatory incarceration for a fixed period is the later enactment, it precludes imposing an indeterminate sentence in any case to which it is applicable.

Defendant's sentence is therefore vacated and this case is remanded to the Law Division for the imposition of a new sentence consistent with this opinion.