814 A.2d 1127

STATE OF NEW JERSEY, PLAINTIFF–RESPONDENT, v.
LOUIS CORRIERO, JR., DEFENDANT–APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued January 15, 2002—Decided January 31, 2003.

Before Judges CONLEY, CARCHMAN and PARRILLO.

*Mark A. Berman* argued the cause for appellant (*Gibbons, DelDeo, Dolan, Griffinger & Vecchione,* attorneys; *Mr. Berman,* on the brief).

*Steven A. Yomtov,* Deputy Attorney General, argued the cause for respondent (*David Samson,* Attorney General, attorney; *Mr. Yomtov,* Deputy Attorney General, of counsel and on the brief).

The opinion of the court was delivered by

CONLEY, P.J.A.D.

Following a guilty plea to second-degree vehicular homicide, *N.J.S.A.* 2C:11–5, two counts of fourth-degree assault by auto, *N.J.S.A.* 2C:12–1c, and driving while intoxicated, *N.J.S.A.* 39:4–50, defendant was sentenced to a presumptive seven-year term on the second-degree conviction, to which the No Early Release Act (NERA), *N.J.S.A.* 2C:43–7.2, applied. Concurrent eighteen-month terms with nine-month disqualifiers were imposed on the assault by auto convictions.[1] A six-month driver's license suspension was imposed on the DWI conviction. The necessary fines and penalties were also imposed, along with restitution to the State and the deceased's family.

On appeal, defendant contends that the trial judge "erred in declining to sentence defendant as a young adult offender under *N.J.S.A.* 2C:43–5" and erred in "double counting elements of the offense as aggravating factors at sentencing." As to the latter contention, we first note that our conscience is not shocked by the seven-year term, particularly in light of the fact that no more than the presumptive term was imposed and the sentences on the two assaults by auto, involving two other victims, were not imposed as consecutive terms. Moreover, while we agree the trial judge double-counted the death of the victim and defendant's intoxication when he found aggravating factors one and two, *see State v. Kromphold*, 162 *N.J.* 345, 350–51, 744 *A.*2d 640 (2000); *State v. Pineda*, 119 *N.J.* 621, 627–28, 575 *A.*2d 855 (1990), we are convinced in the exercise of our original jurisdiction, pursuant to *R.* 2:10–3, that a seven-year presumptive term is appropriate. Even without the two double-counted aggravating factors, the remaining deterrence aggravating factor is, at the least, as weighty, qualita-

---

[1] The sentencing transcript reflects imposition of the nine-month disqualifiers, although the judgment of conviction does not. The transcript governs. *State v. Rivers*, 252 *N.J.Super.* 142, 147 n. 1, 599 *A.*2d 558 (App.Div.1991). We remand to the trial judge for the entry of a corrected judgment of conviction and sentence to reflect the nine-month disqualifier.

tively, as the mitigating factor. There is, then, equipoise, thus requiring the presumptive seven-year term.[2]

This, then, leads us to defendant's claim that the sentencing judge erred in not imposing a young adult offender sentence pursuant to the Young Adult Offender Act (YAOA), *N.J.S.A.* 2C:43–5. We reject this contention, both procedurally and substantively. Procedurally, the record does not reflect any application made by defendant for a young adult offender sentence. Counsel refers to some in-chambers, off-the-record discussions, the substance of which is not found in the record. The most the record reflects is an application by counsel that the judge recommend defendant's term be spent at a "Youthful Facility," which the judge acceded to. The issue raised in point I of defendant's brief, then, was not properly raised below. Indeed, there is no record of any ruling by the judge upon the application of the YAOA.

Substantively, we reject defendant's contention that a sentence under the YAOA can be imposed upon conviction for a crime to which the NERA applies. The rationale is quite simple. The NERA mandates, without exception, a parole disqualifier. *N.J.S.A.* 2C:43–7.2a. The YAOA, on the other hand, which provides for indeterminate sentences,[3] precludes a parole disqualifier. *N.J.S.A.* 30:4–5; *State v. White*, 186 *N.J.Super.* 15, 18, 450 *A.2d* 1339 (Law Div.1982). Thus, a person convicted of a Graves Act offense which carries a mandatory period of parole ineligibility,

---

[2] As we have said, concurrent eighteen-month with nine-month disqualifiers were imposed on the assault by auto convictions. Defendant does not challenge these sentences and we do not therefore comment upon them except to say that, even though the maximum, our conscience is not shocked, particularly in light of their concurrency with each other and with the vehicular homicide sentence.

[3] YAOA indeterminate sentences carry either a maximum term of five years or the maximum term of the offense where that term is less than five years. *N.J.S.A.* 30:4–148. The five-year maximum may be extended to the maximum for the offense where that term is greater than five years, but only for good cause. *N.J.S.A.* 30:4–148.

*N.J.S.A.* 2C:43–6c, is not eligible for a YAOA sentence. *State v. Des Marets,* 92 *N.J.* 62, 75–76, 455 *A.*2d 1074 (1983). So too is the YAOA unavailable to a person convicted of drug offenses which carry a mandatory parole disqualifier pursuant to *N.J.S.A.* 2C:35–5b(1) and (7). *State v. Luna,* 278 *N.J.Super.* 433, 438, 651 *A.*2d 483 (App.Div.1995).

We see no basis for a different result when a person is convicted of an offense that requires a mandatory NERA disqualifier. We reject defendant's attempt to distinguish *Des Marets* and *Luna* based upon some distinction between the "deterrence" objectives of the parole disqualifiers mandated by *N.J.S.A.* 2C:43–6c and *N.J.S.A.* 2C:35–5b(1) and (7) as mentioned in *Des Marets* and *Luna,* and the "penal" objectives of the NERA as mentioned in *State v. Thomas,* 166 *N.J.* 560, 570, 767 *A.*2d 459 (2001). Defendant contends the NERA penal or retributive objective is not irreconcilable with the rehabilitative purpose of a YAOA sentence since youthful offenders sentenced under the YAOA "*are,* in fact, punished."

But the plain fact is YAOA punishment is indeterminate and primarily governed by a young adult offender's rehabilitative progress. While subject either to a five-year maximum or the maximum of the offense where applicable, the objective of a YAOA sentence is early release upon rehabilitation. It is not punishment in the form of incarceration for a substantial mandatory period of time before parole can be considered. Unlike the YAOA, there is no early release under the NERA. Simply put, the mandatory NERA parole disqualifier is as much inconsistent with a YAOA indeterminate sentence as are the Graves Act and *N.J.S.A.* 2C:43–5b(1) and (7) mandatory parole disqualifiers.

We acknowledge that, subsequent to *Des Marets,* the Legislature amended *N.J.S.A.* 2C:43–5 to specifically exclude from its scope a Graves Act sentence. As amended, *N.J.S.A.* 2C:43–5 provides:

Any person who, at the time of sentencing, is less than 26 years of age and who has been convicted of a crime may be sentenced to an indeterminate term at the

Youth Correctional Institution Complex, in accordance with *N.J.S.A.* 30:4–146 *et seq.*, in the case of men, and to the Correctional Institution for Women, in accordance with *N.J.S.A.* 30:4–153 *et seq.*, in the case of women, instead of the sentences otherwise authorized by the code. This section shall not apply to any person less than 26 years of age at the time of sentencing who qualifies for a mandatory minimum term of imprisonment without eligibility for parole, pursuant to subsection c. of *N.J.S.* 2C:43–6; however, notwithstanding the provisions of subsection c. of *N.J.S.* 2C:43–6, the mandatory minimum term may be served at the Youth Correctional Institution Complex or the Correctional Institution for Women.

Defendant argues that because this amendment excludes only Graves Act offenses and not other offenses which might also carry parole disqualifiers, the clear intent is that the YAOA may apply to those other offenses. There is some support for this. The statement accompanying the amendment, for instance, explains:

The purpose of this bill is to establish that adults under 26 years of age who have been convicted of committing any crime enumerated in *N.J.S.* 2C:43–6c while in possession of a firearm are subject to the mandatory minimum sentences required by that statute.

According to *N.J.S.* 2C:43–5, persons under age 26 at the time of sentencing may be sentenced to indeterminate terms at the Youth Correctional Institution Complex or at the Correctional Institution for Women. *The imposition of an indeterminate sentence precludes the imposition of a minimum term without eligibility for parole. Therefore, youthful offenders who would otherwise fall under the requirements of the mandatory sentencing law (N.J.S.2C:43–6c) may receive more lenient sentences.*

This bill would require persons under age 26 who have committed one of the crimes enumerated in *N.J.S.* 2C:43–6c while in possession of a firearm to be sentenced to a minimum term of imprisonment without eligibility for parole. [Assembly Judiciary, Law, Public Safety and Defense Committee Statement to Senate No. 1691—*L.* 1983, *c.* 92 (emphasis added).]

The emphasized language would suggest that offenders otherwise subject to a mandatory disqualifier, except Graves Act offenders, would, nonetheless, have the availability of a YAOA sentence, as it seems to assert that prior to the amendment, youthful offenders (including Graves Act offenders) could receive a YAOA sentence.

In addition, Cannel, *Criminal Code Annotated,* Comment 3 to *N.J.S.A.* 2C:43–5, states in part:

Note that this section was not amended in the 1987 legislation creating mandatory penalties for certain drug offenses (see 2C:43–6f) nor in the 1990 legislation banning assault weapons and creating mandatory penalties for offenses involving such weapons (see 2C:43–6g) [nor in the NERA legislation]. *It would therefore*

*appear that defendants convicted under subsections f and g [or NERA] may be entitled to youthful offender sentencing.* This result is probably unintended. [Cannel, *New Jersey Criminal Code Annotated,* comment 3 on *N.J.S.A.* 2C:43–5 (2002) (emphasis added).]

We, however, did not consider the amendment an impediment in *Luna,* and we do not see it so here. The fact that the Legislature expressly exempted Graves Act sentences from YAOA indeterminate terms does not necessarily lead to the conclusion that it, therefore, intended other offenses carrying mandatory disqualifiers to be eligible for a YAOA indeterminate term. Neither does the fact that *N.J.S.A.* 2C:43–5 was not further amended at the time of the NERA legislation to expressly exclude NERA offenses necessarily lead to that conclusion. Moreover, the 1983 YAOA amendment, or any other action by the Legislature, does not reflect any disagreement with the *Des Marets* analysis of the incongruity between a YAOA indeterminate sentence and a sentence that carries a mandatory parole disqualifier, or the Court's resultant conclusion that the Legislature would not intend persons convicted of offenses requiring parole disqualifiers be eligible for early release under a YAOA sentence. Indeed, the amendment is fully consistent with that understood intent.

Affirmed.