**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3665-20

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

NICHOLAS B. GRASSO,
a/k/a NICHOLAS GRASSO,
and NICK GRASSO,

     Defendant-Appellant.

_____

Submitted June 8, 2022 – Decided June 21, 2022

Before Judges Whipple and Geiger.

On appeal from the Superior Court of New Jersey, Law Division, Camden County, Indictment Nos. 16-11-3186 and 16-11-3270.

Joseph E. Krakora, Public Defender, attorney for appellant (Suzannah Brown, Designated Counsel, on the brief).

Grace C. MacAulay, Camden County Prosecutor, attorney for respondent (Kevin J. Hein, of counsel and on the brief).

PER CURIAM

Defendant Nicholas B. Grasso appeals from the denial of his petition for post-conviction relief (PCR) without an evidentiary hearing. We affirm.

A Camden County grand jury returned two indictments. Indictment No. 16-11-3186 charged defendant with first-degree carjacking, N.J.S.A. 2C:15-2(a)(1); fourth-degree theft by unlawful taking, N.J.S.A. 2C:20-3(a); and third-degree aggravated assault, N.J.S.A. 2C:12-1(b)(7). Indictment No. 16-11-3270 charged defendant with first-degree robbery, N.J.S.A. 2C:15-1(a)(1); third-degree possession of a weapon for an unlawful purpose, N.J.S.A. 2C:39-4(d); fourth-degree unlawful possession of a weapon, N.J.S.A. 2C:39-5(d); and certain persons not to have weapons, N.J.S.A. 2C:39-7(a).

The cases were already on the trial list. On June 5, 2017, defendant pled guilty to the carjacking and robbery counts pursuant to a negotiated plea agreement. In exchange for those pleas, the State agreed to recommend concurrent fifteen-year terms, subject to the parole ineligibility and mandatory parole supervision requirements imposed by the No Early Release Act, N.J.S.A. 2C:43-7.2, with those counts running consecutively to sentence on an unrelated violation of probation conviction, and to dismiss the remaining counts.

2                                                                    A-3665-20

During the plea hearing, defendant testified he was twenty years old, had a high school diploma, and was not under the influence of any drugs, alcohol, or medication. He acknowledged that he had a full and complete opportunity to review the evidence and discovery and discuss the charges with trial counsel. He indicated he was satisfied with the services of trial counsel. He confirmed that he was pleading guilty because he was guilty, that his pleas were entered voluntarily and of his own free will, and that no one forced, threatened, or pressured him to plead guilty. Defendant then gave an adequate factual basis for each guilty plea.

Defendant further acknowledged understanding the questions on the plea forms, reviewing each question with counsel, answering the questions truthfully, and signing or initialing each page of the plea forms. Defendant also acknowledged understanding that the maximum sentence on each first-degree offense was twenty years and that the terms could run consecutively. Defendant confirmed that he understood the terms of the plea agreement, including the recommended sentence on each count. The court accepted the guilty pleas, finding defendant provided a satisfactory factual basis for each count and that the pleas were knowing and voluntary.

A-3665-20

Defendant was sentenced on August 4, 2017. Trial counsel stated there were no additions or deletions to the presentence report. He did not argue that any mitigating factors applied or request the court to impose a lesser sentence than recommended under the plea agreement. During his allocution, defendant expressed remorse, and stated that he was then "really bad on drugs" and that he would never have committed the crimes if he was in his "right state of mind."

The trial court found aggravating factors three (risk of reoffending), six (prior record), and nine (need for deterrence), based on defendant's prior criminal record, which included nine juvenile adjudications and three adult indictable convictions, three juvenile violations of probation, one adult violation of probation, and the offenses defendant committed. N.J.S.A. 2C:44-1(a)(3), (6), (9). The court found no mitigating factors and "that the aggravating factors clearly, convincingly and substantially outweigh[ed] the mitigating factors." The court noted this was a negotiated plea agreement and found it "appears to be fair and in the interests of justice." Defendant was sentenced in accordance with the plea agreement to concurrent fifteen-year NERA terms that ran consecutively to his sentences for violation of probation on Indictment Nos. 15-12-3693 and 16-02-0402 but concurrently to his sentence on an unrelated indictment. The remaining counts of the two indictments were dismissed.

4

Defendant appealed his sentence. The appeal was heard on a sentencing calendar pursuant to Rule 2:9-11. On April 11, 2018, we affirmed finding "that the sentence is not manifestly excessive or unduly punitive and does not constitute an abuse of discretion."

On January 17, 2019, defendant filed a timely PCR petition. Appointed counsel filed an amended petition and brief that raised three claims of ineffective assistance of trial counsel and requested an evidentiary hearing. Defendant sought to vacate his guilty pleas, claiming that trial counsel forced and pressured him into pleading guilty to the robbery and carjacking counts, allegedly telling him he had to plead guilty because he would lose at trial and would be sentenced to up to fifty-seven years in state prison. He also claimed that trial counsel failed to file unspecified motions, challenge the State's witnesses, and investigate any potential alibi witnesses.

Defendant also claimed trial counsel was ineffective at sentencing by failing to argue for a sentence less than fifteen years and by failing to argue defendant's relative youthfulness, drug addiction, and grief stemming from his grandfather's death, that caused him to act out and engage in behavior that he otherwise would not have engaged in. Defendant further claimed trial counsel was ineffective by failing to argue for defendant to be sentenced to serve an

5

indeterminate term at the Youth Correctional Facility as a young adult offender under N.J.S.A. 2C:43-5.

Defendant, who was twenty at the time the crimes were committed, claims he was heavily addicted to heroin and cocaine, and he was suffering because his grandfather, who had raised him, recently passed away.

On January 6, 2021, the PCR court heard oral argument. PCR counsel relied primarily on the briefs and defendant's certification submitted to the court. Counsel briefly reiterated the claims and argument set forth in the briefs. Counsel did not identify any statutory mitigating factors that should have been applied. Counsel did not argue that any pretrial motions should have been filed by trial counsel. Nor did he identify any potential alibi witnesses or state any basis for challenging the State's witnesses.

The State argued that the record shows defendant reviewed discovery with trial counsel, reviewed the plea forms, and was advised of his sentencing exposure in open court. He was facing charges under two indictments. Defendant testified during the plea hearing that he was pleading guilty because he was guilty, was not forced or threatened to enter into the plea agreement, and that his plea was voluntary.

A-3665-20

As to the mitigating factors relied upon by defendant, the State argued that even if they were applied, the court would not have found that the mitigating factors outweighed the aggravating factors. The State further argued that NERA offenses do not qualify for sentencing as a young adult offender.

The court issued an oral decision and order denying the petition. The court found defendant did not establish a prima facie case for PCR based on ineffective assistance of counsel. Therefore, an evidentiary hearing was not required. Moreover, since the conviction resulted from a guilty plea, defendant bore the burden of showing that but for counsel's errors, defendant would not have pled guilty and would have insisted on going to trial. The court found defendant had not satisfied that standard.

The court noted that during the plea hearing defendant indicated that he was satisfied with trial counsel, had reviewed all the discovery, and understood everything. "His allegation that [trial counsel] forced him to plead is not borne out by the record." The court concluded that even if trial counsel had made the sentencing arguments raised by defendant, it would not have changed the outcome. "The outcome was fair and reasonable." The court found defendant's arguments lacked specifics and were mere bald assertions.

A-3665-20

The court concluded that defendant did not satisfy the first or second prong of the test adopted in <u>Strickland v. Washington</u>, 466 U.S. 668, 687 (1984). Accordingly, defendant did not establish a prima facie case for PCR and an evidentiary hearing was not necessary. The court explained the requirements to set aside a guilty plea:

> In order to set a guilty plea aside based on ineffective assistance of counsel, defendant must show that counsel's assistance was not within the range of competence of any other attorneys in criminal cases, and there's a probability that but for his errors, the defendant would not have pled guilty and would have insisted on going to trial.

The court found that defendant did not satisfy those requirements. As to trial counsel telling defendant that he faced exposure to an aggregate fifty-seven-year sentence, the court noted that advice was accurate advice, not a threat.

This appeal followed. Defendant argues:

> THE PCR COURT ERRED IN DENYING THE PETITION WITHOUT HOLDING AN EVIDENTIARY HEARING ON PETITIONER'S CLAIMS THAT TRIAL COUNSEL FORCED HIM TO PLEAD GUILTY AND PROVIDED INEFFECTIVE ASSISTANCE AT SENTENCING.
>
> A. Legal Principles Applicable to Claims of Ineffective Assistance of Counsel.

8

B.  Mr. Grasso Was Entitled to an Evidentiary Hearing on His Claim That Trial Counsel Forced Him to Plead Guilty.

C.  Mr. Grasso Was Entitled to an Evidentiary Hearing on His Claim that Trial Counsel Was Ineffective at Sentencing.

We are unpersuaded by defendant's arguments and affirm the denial of his petition without an evidentiary hearing.

When a PCR judge does not hold an evidentiary hearing—like here—this court's standard of review is de novo as to both the factual inferences drawn by the PCR judge from the record and the judge's legal conclusions.  State v. Blake, 444 N.J. Super. 285, 294 (App. Div. 2016).

To establish a prima facie claim of ineffective assistance of counsel, a defendant must satisfy the two-pronged test enumerated in Strickland, 466 U.S. at 687, which our Supreme Court adopted in State v. Fritz, 105 N.J. 42, 58 (1987).  To meet the first Strickland/Fritz prong, a defendant must establish that his counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment."  Strickland, 466 U.S. at 687.  A defendant must rebut the "strong presumption that counsel's conduct [fell] within the wide range of reasonable professional assistance[.]"  Id.

9

at 689. Thus, this court must consider whether counsel's performance fell below an objective standard of reasonableness. Id. at 688.

To satisfy the second Strickland/Fritz prong, a defendant must show "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Id. at 687. A defendant must establish "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694.

Both the United States Supreme Court and the New Jersey Supreme Court have extended the Strickland/Fritz test to challenges of guilty pleas based on ineffective assistance of counsel. Lafler v. Cooper, 566 U.S. 156, 162-63 (2012); Missouri v. Frye, 566 U.S. 134, 140 (2012); State v. DiFrisco, 137 N.J. 434, 456-57 (1994). Defendant must demonstrate with "reasonable probability" that the result would have been different had he received proper advice from his attorney. Lafler, 566 U.S. at 163 (quoting Strickland, 466 U.S. at 694). Defendant did not satisfy either prong of Strickland.

Defendant did not establish that he was impermissibly forced or pressured by trial counsel to plead guilty to the robbery and carjacking. His bald, unsupported assertions are belied by his testimony during the plea hearing. Trial

10

counsel is expected to discuss the sentencing exposure a defendant faces if he goes to trial and loses. Discussing the likelihood of success at trial and recommending that a defendant accept a plea agreement is neither unexpected nor improper. These cases were pled off the trial list after defendant reviewed the full discovery and viewed a video that would have been shown to the jury.

Defendant briefly mentions in his petition and briefs that trial counsel failed to file pretrial motions to challenge the State's witnesses and investigate any potential alibi witnesses. Defendant has neither specified what pretrial motions should have been filed, nor shown that they would have been granted. He has not identified which of the State's witnesses should have been challenged or on what grounds they were vulnerable to attack. Defendant has not identified any potential alibi witnesses that either he or discovery disclosed to trial counsel. These bald, unsupported, conclusory allegations do not provide a basis for PCR. "[I]n order to establish a prima facie claim, a petitioner must do more than make bald assertions that he was denied the effective assistance of counsel. He must allege facts sufficient to demonstrate counsel's alleged substandard performance." State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999).

Defendant seeks to withdraw his guilty pleas. In order to set a guilty plea aside based on ineffective assistance of counsel, defendant must show that there

11

is a probability that but for his errors, the defendant would not have pled guilty and would have insisted on going to trial. DiFrisco, 137 N.J. at 457. Defendant has not satisfied that standard. He has not shown that he would have insisted on going to trial on each of the indictments had trial counsel been effective. As we have noted, defendant has not shown what motions trial counsel should have filed, what alibi witnesses counsel should have interviewed, or which of the State's witnesses were vulnerable to attack by motion or cross-examination.

In addition, defendant has not demonstrated that but for trial counsel's ineffectiveness, it would have been rational for him to reject the plea offer and proceed to trial. See Padilla v. Kentucky, 559 U.S. 356, 372 (2010) (stating that "a petitioner must convince the court that the decision to reject the plea bargain would have been rational under the circumstances."). As we discuss infra, defendant's plea agreement was clearly beneficial to him.

Defendant claims that trial counsel was ineffective by not arguing for sentencing as a young adult offender under N.J.S.A. 2C:43-5. We disagree. Robbery and carjacking are NERA offenses. N.J.S.A. 2C:43-7.2(d). A defendant sentenced to crimes subject to NERA is not eligible for sentencing as a young offender under N.J.S.A. 2C:43-5. See State v. Corriero, 357 N.J. Super. 214, 218 (App. Div. 2003) (explaining that "the mandatory NERA parole

disqualifier is . . . inconsistent with a [Young Adult Offender Act] indeterminate sentence"). Trial counsel was not ineffective by not filing a meritless motion. State v. O'Neal, 190 N.J. 601, 619 (2007).

While trial counsel did not argue at sentencing that mitigating factors applied, defendant has not indicated which mitigating factors should have been applied and why those unspecified mitigating factors would have outweighed the aggravating factors. Vague, conclusory allegations do not provide a basis for PCR or warrant an evidentiary hearing. State v. Porter, 216 N.J. 343, 355 (2013) (citing State v. Marshall, 148 N.J. 89, 158 (1997)). "Rather, defendant must allege specific facts and evidence supporting his allegations." Ibid.

Moreover, trial counsel successfully negotiated a favorable plea agreement for defendant that recommended an aggregate sentence far shorter than his sentencing exposure. We note that the two first-degree sentences ran concurrently even though the crimes occurred on separate dates, at different locations, and involved different victims. The other counts were dismissed. The fifteen-year NERA terms were midpoint in the sentencing range. Given defendant's prior adult and juvenile record, he could have easily received longer terms on each of the counts. His sentence was affirmed on direct appeal.

Defendant did not demonstrate that but for trial counsel's ineffectiveness, he would have received a lesser sentence.

Defendant did not establish a prima facie case for PCR. Therefore, the petition was correctly denied without an evidentiary hearing. <u>See</u> <u>R.</u> 3:22-10(b) ("A defendant shall be entitled to an evidentiary hearing only upon the establishment of a prima facie case in support of [PCR.]").

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3665-20